(No. 66104.—▇▇▇▇▇▇▇▇)

JOHN KAPUT, Appellee, v. WILLIAM L. HOEY, Appellant.

*Opinion filed September 29, 1988.*

William J. Harte, Ltd., and Law Offices of Gerard A. Facchini, of Chicago (Gerard A. Facchini, James E. Haley, William J. Harte and Pamela S. Menaker, of counsel), for appellant.

William M. Doty, Jr., and Bertram D. Meyers, of Abt, Meyers & Kages, of Chicago, for appellee.

JUSTICE MILLER delivered the opinion of the court:

The plaintiff, John Kaput, brought an action in the circuit court of Cook County against the defendant, William L. Hoey, seeking recovery for injuries the plaintiff sustained in an accident on the defendant's property. The defendant entered his appearance in the matter but failed to answer or otherwise respond to the complaint, and the plaintiff eventually obtained a default judgment and an award of $29,500 in damages on his claim. The defendant did not learn of the adverse judgment until after supplementary proceedings were initiated, and he then filed a petition under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401) in the circuit court of Cook County asking that the damages award and default judgment be vacated. Following a hearing, the circuit judge dismissed the defendant's petition. The appellate court, with one justice dis-

senting, affirmed that decision. (159 Ill. App. 3d 800.) We allowed the defendant's petition for leave to appeal (107 Ill. 2d R. 315(a)), and we now affirm the judgment of the appellate court.

The plaintiff filed his personal injury action against the defendant on August 12, 1980. The complaint alleged that the plaintiff was injured on February 1, 1980, when he slipped and fell on a patch of ice outside an apartment building owned by the defendant. According to the complaint, the accident occurred on a common walkway of the premises as the plaintiff, a tenant of the building, was leaving his apartment. The plaintiff attributed the accumulation of ice to a defective downspout on the property.

A summons was issued on August 12, 1980, and it was left with the defendant's wife at their home in Glenview four days later, on August 16. The defendant entered his *pro se* appearance on September 8, 1980, but he did not answer the complaint or otherwise file any responsive pleadings to the action. More than two years later, on December 6, 1982, the plaintiff moved for entry of a default judgment, and the motion was granted on January 28, 1983. On May 14, 1984, orders were entered both scheduling the case for a prove up of damages and dismissing the action for want of prosecution; the dismissal order was vacated on June 1, 1984, with costs waived by the court. A prove up in the case was held on June 12, 1984, and the court entered judgment of $29,500, plus costs, in favor of the plaintiff. On June 11, 1985, a memorandum of judgment was filed. The following month, the plaintiff initiated supplementary proceedings, and abode service of a second alias citation to discover assets was effected at the defendant's home, in Glenview, on August 26, 1985. Counsel entered an appearance on behalf of the defendant on October 7, 1985,

and the defendant filed the instant section 2—1401 petition on November 6, 1985.

In the petition, the defendant complained that he did not receive notice of any of the proceedings that took place in the five-year period between his entry of an appearance in the case and the service of the second alias citation to discover assets. The defendant also asserted the existence of a meritorious defense to the plaintiff's action. According to the defendant, he had information to the effect that the plaintiff's fall occurred on a public sidewalk, that he was intoxicated at the time, and he was injured less seriously than he claimed. In an accompanying affidavit, the defendant attested to his belief that the defense was meritorious and to his lack of receipt of notice of the proceedings in the case.

In a response to the section 2—1401 petition, the plaintiff disputed the defendant's claim that he was not served with notice of the default motion. The plaintiff also asserted that no notice had been required of any of the activity occurring after the default order was entered in January 1983 and attacked the sufficiency of the defendant's affidavit, contending that it was merely conclusory.

A hearing was conducted on the defendant's section 2—1401 petition on March 27, 1986, and the circuit judge permitted the defendant to testify at the hearing. The defendant asserted that in the period from 1980 to 1985 he did not receive any communications or notices regarding the plaintiff's action other than the summons and the second alias citation to discover assets. The defendant explained that, following his receipt of the summons, he went to the circuit clerk's office to enter his appearance. According to the defendant, "I asked them what to do, and they said they would probably follow up on it and I would hear from them." The defendant testified that the next notice he received concerning

the plaintiff's action came in August or September 1985, when he was served with a citation to discover assets. It was at that time that the defendant learned of the $29,500 judgment against him, and he then obtained counsel.

The defendant also explained that during the pendency of the proceedings he was absent from the family's Glenview residence for three separate periods—from sometime before Christmas 1980 until February 1981, in July or August 1982, and in late summer 1984. The defendant attributed his absences to marital difficulties, and he said that on those occasions he lived in Melrose Park at his brother's home. The defendant remained married to his wife, however, and at the time of the hearing he was once more residing in the marital residence. The defendant acknowledged that even while he was staying with his brother he continued to visit the Glenview home to see his children and to give his wife money so that she could pay bills. The defendant testified that his wife never mentioned receiving any mail regarding the plaintiff's suit.

At the conclusion of the hearing, the circuit judge dismissed the defendant's section 2—1401 petition. Rejecting the defendant's claim of a meritorious defense to the underlying action, the circuit judge believed that neither the petition nor the defendant's testimony provided any specific information that would establish a defense. The only evidence that had been offered by counsel on that point was the defendant's reference to a conversation with another tenant of the building, and the circuit judge had sustained the plaintiff's hearsay objection to the testimony. Also, the circuit judge doubted whether the defendant's sometimes-troubled marital relationship would have prevented the defendant from receiving notice of the progress of the plaintiff's case; the circuit judge mentioned that during the periods when the

defendant was living in Melrose Park he would visit the marital home in Glenview, seeing his children and helping with the family finances. In addition, the circuit judge noted that in 1981 the defendant had failed to claim from the postal authorities certain certified letters about the case, which plaintiff's counsel displayed to the court during the hearing, and the judge concluded that the defendant had frustrated efforts to notify him about the case. Moreover, the circuit judge ruled that the defendant had not been entitled to notice of any of the proceedings in the case following entry of the default order in 1983. Accordingly, the circuit judge refused to vacate the default judgment.

The appellate court affirmed the circuit judge's dismissal of the section 2—1401 petition. The court concluded that the plaintiff had provided notice of the motion for entry of the default and that notice of the proceedings after entry of the default had not been necessary. The appellate court also rejected the defendant's contention that the statement made to him by an employee of the circuit clerk, at the time he entered his *pro se* appearance, excused his subsequent neglect of the matter. The appellate court also rejected the contention that relief under section 2—1401 was warranted because the plaintiff had delayed in obtaining the default order, in scheduling the prove up of damages, and in instituting the citation proceedings. Finally, the appellate court did not believe that the defendant had demonstrated the existence of a meritorious defense to the underlying action, noting the same deficiencies in the defendant's affidavit and petition as the circuit judge had observed. A dissenting justice would have reversed the dismissal of the defendant's section 2—1401 petition and remanded the cause for further proceedings.

Section 2—1401 of the Code of Civil Procedure provides a comprehensive method for obtaining relief from

judgments, orders, and decrees more than 30 days after their entry. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 220.) A section 2—1401 proceeding is not a continuation of the original suit, but a separate, independent action. (*Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 279.) To obtain relief under that provision, a party must show the existence of a meritorious defense to the judgment and the exercise of due diligence in presenting the defense, both in the underlying action and in the section 2—1401 proceeding. (*Smith,* 114 Ill. 2d at 220-21.) Thus, a section 2—1401 petitioner "is not entitled to relief 'unless he shows that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court.' " (*Brunswick v. Mandel* (1974), 59 Ill. 2d 502, 504, quoting *Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 505.) The decision whether to grant or deny a section 2—1401 petition is reserved to the discretion of the circuit judge and will not be disturbed on review unless it represents an abuse of discretion. *Smith,* 114 Ill. 2d at 221.

The defendant first argues that the circuit judge erred in dismissing the section 2—1401 petition because the plaintiff failed to provide notice of several key stages in the proceedings in the underlying action. Specifically, the defendant complains that the plaintiff failed to provide notice of the entry of the default order, of reinstatement of the action following its dismissal for want of prosecution, and of the hearing for prove up of damages. The defendant contends that the absence of any notice of those steps in the proceedings renders the action void.

At the time the default order in this case was entered, section 2—1302(a) of the Code of Civil Procedure provided:

"Upon the entry of an order of default or of dismissal for want of prosecution, the clerk shall immediately give

notice thereof to each party who has appeared, against whom the order was entered, or such party's attorney of record. However, the failure of the clerk to give the notice does not impair the force, validity or effect of the order." (Ill. Rev. Stat. 1983, ch. 110, par. 2—1302(a).)

Section 2—1302 has since been amended in two respects: orders dismissing actions for want of prosecution are now dealt with in a separate provision, section 2—1302(d), and the burden of providing notice of entry of the default order now falls on the attorney for the moving party rather than on the circuit clerk. (See Ill. Rev. Stat. 1987, ch. 110, par. 2—1302.) The statute continues to provide that lack of notice does not invalidate the default; section 2—1302(a) now states, "[T]he failure of the attorney to give the notice does not impair the force, validity or effect of the order." Under either version of the statute it is clear that the failure to provide a defendant with notice of entry of a default order does not by itself invalidate the default. Therefore, we must conclude in this case that the failure to provide the defendant with notice of entry of the default order did not render it or the subsequent proceedings void.

The defendant next contends that the plaintiff was required to provide notice of reinstatement of the action following its dismissal for want of prosecution. On May 14, 1984, an order was entered setting the case for prove up, and on the same day the action was dismissed for want of prosecution. On June 1, 1984, the dismissal was vacated on motion of the plaintiff, with the court waiving costs of reinstatement. All three orders were entered by the same circuit judge. The defendant contends that notice of the reinstatement motion was required.

As indicated by the chronology described above, the plaintiff's motion for reinstatement of the action was made within 30 days of the dismissal. We conclude that failure to provide notice of the reinstatement did not

render the order void, or vitiate the proceedings occurring after the cause was reinstated. (See *Trojan v. Marquette National Bank* (1967), 88 Ill. App. 2d 428, 436 (plaintiff's failure to provide notice of reinstatement following inadvertent dismissal for want of prosecution did not render void reinstatement or subsequent proceedings, and therefore they would not be susceptible to collateral attack; lack of notice of reinstatement was one among several circumstances supporting defendants' claim for vacating default, however, where default was attacked within 30 days of its entry).) Moreover, the circumstances in this case clearly indicate that the order dismissing the action for want of prosecution was entered inadvertently, and that the subsequent reinstatement merely corrected the earlier mistake.

The defendant also argues that the plaintiff was required to provide notice of the hearing on damages. We do not agree. Supreme Court Rule 104(b), pertaining to the filing of papers and proof of service, provides, "Pleadings subsequent to the complaint, written motions, and other papers required to be filed shall be filed with the clerk with a certificate of counsel or other proof that copies have been served on all parties who have appeared and have not theretofore been found by the court to be in default for failure to plead." (107 Ill. 2d R. 104(b).) Thus, the defendant, having been found in default for his failure to plead, was not entitled to separate notice of the hearing on damages.

The defendant next argues that the plaintiff was awarded damages in excess of the amount specified in the *ad damnum* clause of his complaint. The defendant believes that the plaintiff's failure to provide notice that he was seeking additional damages renders the increased award void.

In support of this argument the defendant relies on Supreme Court Rule 105(a) (107 Ill. 2d R. 105(a)) and on

section 2—604 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—604). At the time of the prove up, in June 1984, section 2—604 of the Code of Civil Procedure provided:

"Except in case of default, the prayer for relief does not limit the relief obtainable, but where other relief is sought the court shall, by proper orders, and upon terms that may be just, protect the adverse party against prejudice by reason of surprise. In case of default, if relief is sought, whether by amendment, counterclaim, or otherwise, beyond that prayed in the pleading to which the party is in default, notice shall be given the defaulted party as provided by rule." (Ill. Rev. Stat. 1983, ch. 110, par. 2—604.)

Supreme Court Rule 105(a) requires that notice be given to a defaulted party "[i]f new or additional relief, whether by amendment, counterclaim, or otherwise, is sought." (107 Ill. 2d R. 105(a).) The defendant contends that those provisions served to limit the plaintiff's recovery upon default to $15,000, in the absence of any notice that greater damages were being sought. See *Dils v. City of Chicago* (1978), 62 Ill. App. 3d 474; *Klaisner v. Klaisner* (1975), 28 Ill. App. 3d 110.

It should be noted that section 2—604 also provides, "Every complaint and counterclaim shall contain specific prayers for the relief to which the pleader deems himself or herself entitled except that in actions for injury to the person, no ad damnum may be pleaded except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed." (Ill. Rev. Stat. 1983, ch. 110, par. 2—604.) The plaintiff's action was for personal injuries, and in accordance with section 2—604 the prayer for relief in the complaint simply requested damages "in excess of $15,000." At the hearing in the circuit court, the defendant's attorney acknowledged that, in a literal sense, the amount of the judg-

ment in this case, $29,500, did not exceed the plaintiff's request in his complaint for damages "in excess of $15,000." Defense counsel contended, however, that a layperson understandably would construe such a request as being limited to a demand for $15,000.

In this case the plaintiff did not make simply a general request for relief, but rather stated, as precisely as was allowed by statute, the amount of damages being requested. The purpose of the notice requirement is to avoid surprise to a defendant. (*Rauscher v. Albert* (1986), 145 Ill. App. 3d 40, 43-44.) The amount at stake in a particular case may well affect a litigant's choice of a defense to the action, and it may even cause him to decide not to present a defense at all. Clearly, a request for damages "in excess of $15,000" provides notice that more than $15,000 is being sought. In this case, where the damages award was nearly $30,000, two times the base amount referred to in the prayer for relief, we do not believe that the amount of the judgment can be deemed a surprise. This is not to suggest, however, that there is no limit on the amount that may reasonably be obtained upon default, consistent with section 2—604 and Rule 105(a), under an open-ended prayer for relief such as the one used here. We determine only that the judgment for damages in this case was not invalid, in view of the nature of the action pleaded, the notice in the complaint that damages in excess of $15,000 were being sought, and the size of the final award, which although twice the base amount was not unfairly in excess of that amount.

A section 2—1401 petition invokes the equitable powers of the court (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 225; *Ellman v. De Ruiter* (1952), 412 Ill. 285, 292), and the defendant's concluding argument is that equitable considerations in this case warrant the granting of his petition to vacate the default judgment. The

defendant points to a number of circumstances in the proceedings in the underlying action that, he believes, would support the exercise of equitable powers. The defendant notes that he was *pro se* in the matter until 1985, and he contends that an office worker in the clerk's office gave him misleading advice when he entered his appearance in the case. The defendant further observes that he was not provided with notice of a number of the important stages in the proceedings, and he contends that the plaintiff unnecessarily delayed the proceedings.

A party must follow the progress of his case, and section 2—1401 will not operate to relieve a litigant of the consequences of his or his attorney's neglect of a matter. (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 467-68; *Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 505.) The defendant testified that when he went to the clerk's office to enter his appearance in this case, "I asked them what to do, and they said they would probably follow up on it and I would hear from them." We do not agree with the defendant that the advice given by the office worker would warrant a reasonable person's neglect of the matter. The office worker's advice was, at worst, vague; the office worker did not provide incorrect information to the defendant. (*Cf. Resto v. Walker* (1978), 66 Ill. App. 3d 733 (party told of incorrect trial date).) And when the plaintiff attempted to contact the defendant about the case, as the office worker predicted, the defendant ignored those efforts. The evidence showed that the defendant failed to claim mail sent by the plaintiff regarding the action here. In addition, the record indicates that notice of the default motion was served on the defendant. At the circuit court hearing plaintiff's counsel presented a computer printout obtained from the circuit clerk's office listing action in the case. The printout indicated that notice of the default

motion and proof of service of the motion were filed in the clerk's office on January 28, 1983, the day the motion was heard and granted. Rather than dispute the accuracy of that information, defense counsel acknowledged at the hearing that notice of the motion had been provided; it was counsel's contention that the defendant simply had not received notice, apparently because of the disruptions in his personal life at that time. In light of counsel's concession, the defendant's current argument to the contrary is not well taken. Rather, the record supports the conclusion that the defendant did not act diligently, and the circuit judge was warranted in finding that the defendant frustrated the efforts made to notify him of the progress of the case.

Nor do we agree with the defendant's contention that relief is warranted because of delay by the plaintiff in moving for entry of a default judgment, in setting the case for prove up, and in initiating supplementary proceedings, or because of the plaintiff's failure to provide notice of the proceedings following entry of the default. There is no indication that the plaintiff attempted to conceal the existence of the default judgment, or that he purposefully delayed matters so that the defendant would be prejudiced. (*Cf. Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609 (that plaintiff waited until slightly more than 30 days had passed to execute on default judgment was one circumstance among several warranting relief under statutory predecessor to section 2—1401); *Manny Cab Co. v. McNeil Teaming Co.* (1975), 28 Ill. App. 3d 1014, 1020-21 (affirming grant of petition, under statutory predecessor to section 2—1401, vacating default judgment where plaintiff's attorney's conduct was calculated to mislead defendants into believing that action was still pending though default judgment had been granted; existence of default not disclosed until commencement of garnishment proceeding some 100

days later).) There is no suggestion in this case of any conduct by the plaintiff calculated to lull the defendant into complacency or mislead him about the status of the case.

Finally, we do not believe that the defendant has established the existence of a meritorious defense to the underlying personal injury action. In his section 2—1401 petition, the defendant asserted that he had acquired information to the effect that the plaintiff's accident occurred on public property and not on the defendant's premises, that the plaintiff was intoxicated at the time, and that the plaintiff's injuries were less severe than he claimed; in an affidavit accompanying the petition, the defendant attested to the truth of those allegations. The source of the information was an unidentified female tenant of the building where the accident occurred. The defendant did not, however, provide the witness' name or submit her affidavit. The circuit judge properly concluded that the defendant had failed to provide a basis on which a defense could be premised.

For the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*