ADA F. ELDER, Plaintiff-Appellee, v. THOMAS G. BRYANT *et al.*, Defendants-Appellants.

Fourth District    No. 4—00—1096

Argued June 13, 2001.—Opinion filed August 28, 2001.

Gregory G. Vacala (argued) and Anuradha Boyapati, both of Rusin, Patton, Maciorowski & Friedman, Ltd., of Chicago, for appellants.

Leo W. Quigg, Jr. (argued), of Fuller, Hopp & Quigg, of Decatur, for appellee.

JUSTICE MYERSCOUGH delivered the opinion of the court:

In April 2000, plaintiff, Ada F. Elder, filed a complaint against defendants, Thomas G. Bryant and Schnucks Markets, Inc., a Missouri corporation licensed to do business in Illinois (Schnucks) (collectively defendants), alleging that Bryant, an employee of Schnucks, drove a semi truck into her vehicle while she was driving and caused her personal injuries. Plaintiff served defendants with the summons and complaint and entered into negotiations with defendants' insurer, St. Paul Fire & Marine Insurance Company (St. Paul), through its claims representative, Carol Reindl. Defendants did not retain an attorney or enter an appearance in the case.

In June 2000, plaintiff's attorney served Reindl with a settlement demand letter, stating that, if no settlement had been reached, he requested Reindl to retain counsel and file responsive pleadings on or before July 28, 2000. Defendants failed to contact plaintiff, retain counsel, or file responsive pleadings.

In August 2000, plaintiff filed a motion for default judgment. In September 2000, the trial court granted plaintiff's motion in chambers without notice to any party and set the case for a hearing on damages. At the October 11, 2000, hearing, the trial court awarded plaintiff $43,754.44, plus costs of suit, followed by a written judgment filed

October 17, 2000. On November 3, 2000, defendants filed a timely motion to vacate the October 2000 damages award under section 2—1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1401 (West 2000)). The trial court denied defendants' motion.

On appeal, defendants argue that the trial court erred in (1) entering the default judgment against them, (2) denying their section 2—1401 motion, and (3) denying them due process by entering judgment against them without notice. We affirm.

## I. BACKGROUND

In April 2000, plaintiff filed a complaint against defendants, alleging that Bryant, an employee of Schnucks, drove a semi truck into her vehicle while she was driving and caused her personal injuries. Plaintiff served defendants with summons and complaint on April 20, 2000. Plaintiff's attorney also entered into negotiations with St. Paul's through Reindl. During these negotiations, the parties agreed that St. Paul's would not obtain counsel in anticipation of settling the dispute without litigation. At the request of Reindl, plaintiff delayed prosecution of the case until Reindl had an opportunity to respond to the settlement demand.

In June 2000, plaintiff submitted a settlement demand to Reindl. Reindl never responded. Plaintiff's attorney sent Reindl a letter dated July 12, 2000, stating that, because Reindl never responded to his previous letter, he requested her to retain counsel and to file responsive pleadings on or before July 28, 2000, if no settlement had been reached by that time. Reindl failed to arrange for counsel and never contacted plaintiff's attorney during this time period. In addition to his written correspondence, plaintiff's counsel left telephone and voice-mail messages for Reindl reminding her that she had failed to either respond to the settlement offer or obtain counsel. Reindl did not respond.

In August 2000, without further notice to defendants, plaintiff filed a motion for default judgment. In September 2000, the trial court granted plaintiff's motion and set the case for a prove-up hearing regarding damages. Although the trial court ordered plaintiff's attorney to provide notice to defendants of the prove-up hearing, plaintiff's counsel failed to provide defendants such notice. However, plaintiff's attorney failed to give notice pursuant to the trial court's order because plaintiff's attorney never received a copy of the docket entry requiring him to give notice. The record contains no indication that the clerk sent the trial court's docket entry to plaintiff's attorney.

On October 11, 2000, the trial court conducted the hearing. On October 17, 2000, the trial court entered a written judgment against defendants in the amount of $43,753.55 plus costs of suit.

Later in October 2000, Reindl referred this case to outside counsel. Immediately upon taking the case, defendants' counsel learned of the default judgment and damages award entered against defendants. On November 3, 2000, defendants' counsel filed a timely section 2—1401 motion to vacate the October 17, 2000, damages award. On November 28, 2000, the trial court denied defendants' motion. This appeal followed.

●1 We note that, on appeal, defendants attempt to supplement the record by appending to their brief various letters from plaintiff's attorney to Reindl not otherwise submitted to the trial court. We cannot and have not considered this information. See *Cottrill v. Russell*, 253 Ill. App. 3d 934, 939, 625 N.E.2d 888, 891 (1993) ("Attachments to briefs not otherwise of record are not properly before a reviewing court and cannot be used to supplement the record").

## I. ANALYSIS

●2 Section 2—1401 provides a comprehensive method for petitioning for relief from judgments, orders, and decrees more than 30 days after their entry. *Kaput v. Hoey*, 124 Ill. 2d 370, 377-78, 530 N.E.2d 230, 233 (1988). To obtain relief under section 2—1401, a party must show the existence of a meritorious defense to the judgment and the exercise of due diligence in presenting the defense, both in the underlying action and in the section 2—1401 proceeding. *Kaput*, 124 Ill. 2d at 378, 530 N.E.2d at 233. Accordingly, a section 2—1401 petitioner is not entitled to relief unless he establishes that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not presented to the trial court. *Kaput*, 124 Ill. 2d at 378, 530 N.E.2d at 233. The decision whether to grant or deny a section 2—1401 petition is reserved to the discretion of the trial court and will not be disturbed absent an abuse of discretion. *Kaput*, 124 Ill. 2d at 378, 530 N.E.2d at 234.

### A. Motion To Vacate Default Judgment

#### 1. *Forfeiture*

●3 Defendants first argue that the trial court erred in denying their section 2—1401 motion to vacate the default judgment because plaintiff failed to give defendants notice that the trial court had entered a default judgment. Plaintiff argues that defendants forfeited this issue by failing to contest the default judgment before the trial court. We agree with plaintiff.

"It is well established that matters not presented to or ruled upon by the trial court may not be raised for the first time on appeal." *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 229, 499 N.E.2d 1381, 1390

(1986); *Shell Oil Co. v. Department of Revenue*, 95 Ill. 2d 541, 550, 449 N.E.2d 65, 69 (1983).

In the present case, defendants neither filed a motion to vacate the default judgment nor included that issue or request in their motion to vacate damages. Specifically, defendants' motion to vacate damages stated:

> "Now come [defendants], by [their attorneys] and hereby [move] to vacate the prove-up of damages and entry of judgment on October 11, 2000[,] with written [j]udgment [o]rder being entered October 17, 2000 ***.
>
> * * *
>
> 2. It is not the intention of the [d]efendants to contest the issue of liability but they do wish to contest the issue of damages.
>
> * * *
>
> 7. These [d]efendants do wish to contest the issue of damages and [ask] the [c]ourt, under all of the circumstances, to vacate the written [j]udgment [o]rder entered October 17, 2000[,] and allow these [d]efendants to contest the issue of damages.
>
> * * *
>
> WHEREFORE, the [d]efendants move to vacate the written [j]udgment [o]rder entered and filed on October 17, 2000, and have this matter allocated for proceedings on the damages issues alone."

Defendants never raised the propriety of the default judgment and, in fact, admitted liability.

Moreover, defendants admit that Reindl failed to obtain counsel, enter an appearance, or file responsive pleadings in this case even after Reindl received a letter from plaintiff's counsel requesting Reindl to do so. Plaintiff's attorney repeatedly demanded by letter and through telephone and voice-mail messages that Reindl retain counsel and have counsel enter an appearance on or before July 28, 2000. Reindl claims that she failed to obtain counsel through mere inadvertence. However, section 2—1401 does not afford a remedy whereby a litigant may be relieved of the consequence of his own mistakes or his counsel's negligence. *Airoom*, 114 Ill. 2d at 222, 499 N.E.2d at 1387; *Genesis & Sons, Ltd. v. Theodosopoulos*, 223 Ill. App. 3d 276, 279-80, 585 N.E.2d 188, 192 (1991). Accordingly, defendants' negligence substantially contributed to the entry of the default judgment. Therefore, we find that defendants forfeited this issue first raised on appeal.

### 2. *Merits of Attack on Default Judgment*

●4 Even if there were no forfeiture, we would conclude that failure to provide notice did not affect the validity of the order. Section 2—1302(a) of the Code provides that "[u]pon the entry of an order of

default, the attorney for the moving party shall immediately give notice thereof to each party who has appeared, against whom the order was entered, or such party's attorney of record." 735 ILCS 5/2—1302(a) (West 1998). Additionally, in this case, the trial court ordered plaintiff's attorney to notify defendant of the default judgment. However, the circuit clerk failed to send a copy of the trial court's order to plaintiff's attorney so plaintiff's attorney did not send a notice of default to defendants. The "failure to provide the defendant with notice of entry of the default order [does] not render it or the subsequent proceedings void." *Kaput*, 124 Ill. 2d at 379, 530 N.E.2d at 234 (" '[T]he failure of the attorney to give the notice does not impair the force, validity[,] or effect of the order' [(quoting Ill. Rev. Stat. 1987, ch. 110, par. 2—1302(a) (now 735 ILCS 5/2—1302(a) (West 1998)))]'"). Therefore, the failure to provide notice did not nullify the default judgment.

Additionally, as stated earlier, to obtain section 2—1401 relief, defendants must establish a meritorious defense to the underlying action. *Kaput*, 124 Ill. 2d at 378, 530 N.E.2d at 233. Defendants make no claim of a defense, much less a meritorious defense. In fact, defendants admitted liability in their section 2—1401 petition. Therefore, even on the merits, defendants could not have established the valid defense requirement for section 2—1401 relief once they conceded the issue of liability.

Further, this is not a situation where principles of equity and fairness require a different outcome. There is no indication that the plaintiff attempted to conceal the existence of the default judgment or that she purposefully delayed matters so that defendants would be prejudiced. The record does not suggest that the plaintiff or her attorney attempted to lull the defendants into complacency or mislead them about the status of this case. See *Kaput*, 124 Ill. 2d at 384, 530 N.E.2d at 236-37. Plaintiff's attorney repeatedly contacted Reindl by mail, telephone, and voice mail asking for defendants to retain counsel, enter their appearance of record, and file responsive pleadings, all to no avail. Defendants readily admit that Reindl's negligence caused the delay in referring the case to outside counsel and responding to plaintiff's complaint.

Accordingly, we find that defendants forfeited any issue regarding the propriety of the default judgment and otherwise failed to demonstrate any basis for relief from that judgment. Therefore, we find that the trial court neither erred in granting the default judgment nor abused its discretion by failing to vacate that judgment.

## B. Motion To Vacate Damages

●5 Defendants next argue that the trial court erred in denying

their motion to vacate damages because the plaintiff failed to give defendants proper notice of the hearing on damages. We disagree.

The Supreme Court of Illinois has directly addressed the issue of whether a plaintiff is required to provide notice of the hearing on damages to a defaulted defendant. *Kaput*, 124 Ill. 2d at 380, 530 N.E.2d at 234-35. In *Kaput*, the supreme court stated:

"Supreme Court Rule 104(b) [(134 Ill. 2d R. 104(b))], pertaining to the filing of papers and proof of service, provides, 'Pleadings subsequent to the complaint, written motions, and other papers required to be filed shall be filed with the clerk with a certificate of counsel or other proof that copies have been served on all parties who have appeared and have not theretofore been found by the court to be in default for failure to plead.' [Citation.] Thus, the defendant, having been found in default for his failure to plead, was not entitled to separate notice of the hearing on damages." *Kaput*, 124 Ill. 2d at 380, 530 N.E.2d at 234-35.

We have a similar situation in the case at bar. Plaintiff obtained a valid default judgment against defendants. Therefore, defendants were not entitled to notice of the hearing on damages.

Defendants need not always file a motion to vacate a default judgment whenever they choose to attack only a damages award following entry of a default judgment. However, where defendants attack only the damages award based upon failure to send notice of the entry of the default judgment or of the hearing on damages, defendants must first move to vacate the underlying default judgment to challenge the damages award. Defendants would not have to move to vacate a default judgment to challenge only the damages award if, for instance, they were claiming merely that the damages award was excessive.

Defendants here make no claim that the trial court awarded excessive damages. Plaintiff's complaint notified defendants that she sought damages in excess of $50,000, plus costs of suit. Therefore, plaintiff's request for damages in excess of $50,000, plus costs, provided notice that at least $50,000 was being sought. The trial court awarded plaintiff $43,754.44, plus costs of suit, an amount well under the $50,000 requested. Therefore, we determine that the judgment for damages in this case was not excessive, in light of the nature of the action pleaded, the notice in the complaint of the amount of damages sought, and the size of the final award, which did not exceed the base amount. See *Kaput*, 124 Ill. 2d at 382, 530 N.E.2d at 235-36. We find no abuse of discretion in the trial court's denial of defendants' section 2—1401 petition.

### C. Defendants' Constitutional Claims

●6 Last, defendants argue that they were deprived of due process

of law as required under the Illinois and United States Constitutions. We disagree.

Supreme Court Rule 341(e)(7) (177 Ill. 2d R. 341(e)(7)) provides that an appellant's brief must contain his contentions and the reasons therefor, accompanied by citation of authorities and pages of the record. *People v. Guest*, 166 Ill. 2d 381, 414, 655 N.E.2d 873, 888 (1995); *People v. Hood*, 210 Ill. App. 3d 743, 746, 569 N.E.2d 228, 230 (1991). Mere contentions, without argument or citation of authority, do not merit consideration on appeal. *Hood*, 210 Ill. App. 3d at 746, 569 N.E.2d at 230. Allegations of trial court error summarily raised without supporting authority are deficient and warrant a finding of waiver. *People v. Lantz*, 186 Ill. 2d 243, 261, 712 N.E.2d 314, 323 (1999). Contentions that are supported by some argument, yet lack citations of authority, do not meet the requirements of Rule 341(e)(7). *Hood*, 210 Ill. App. 3d at 746, 569 N.E.2d at 230. "A reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository into which the appealing party may dump the burden of argument and research. *Hood*, 210 Ill. App. 3d at 746, 569 N.E.2d at 230. Arguments that do not satisfy Rule 341(e)(7) may be rejected for that reason alone. *Maun v. Department of Professional Regulation*, 299 Ill. App. 3d 388, 399, 701 N.E.2d 791, 799 (1998).

Defendants' argument on this issue consists of several paragraphs reiterating how unfairly they have been treated. This section appears as an afterthought, making a fleeting reference to the due process clause of the Illinois Constitution and without any citation to case law. By failing to provide proper argument and citations of authority, defendants forfeited these arguments. *People v. Buss*, 187 Ill. 2d 144, 246, 718 N.E.2d 1, 56 (1999); *Guest*, 166 Ill. 2d at 414, 655 N.E.2d at 888.

Moreover, defendants themselves did not comply with the process provided for under Illinois law. Although they were served with summons and complaint, defendants failed to obtain counsel, enter an appearance, respond to plaintiff's settlement demand, or comply with plaintiff's request to file responsive pleadings.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

STEIGMANN, P.J., and KNECHT, J., concur.