No. 2-09-0106    Filed:  8-17-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| In re COMMITMENT OF | ) | Appeal from the Circuit Court |
| MICHAEL DOHERTY | ) | of Lake County. |
| | ) | |
| | ) | No. 03--MR--1457 |
| | ) | |
| (The People of the State of Illinois, | ) | Honorable |
| Petitioner-Appellee, v. Michael | ) | Christopher R. Stride, |
| Doherty, Respondent-Appellant). | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the opinion of the court:

In April 2008, following a jury trial, respondent, Michael Doherty, was adjudicated a sexually violent person under the Sexually Violent Persons Commitment Act (the Act) (725 ILCS 207/1 et seq. (West 2002)).  The trial court ordered respondent committed for institutional care in a secure facility.  Respondent timely appeals, contending that the trial court abused its discretion when it denied his motion in limine and (1) allowed the State's expert witnesses to testify regarding a provisional diagnosis of paraphilia; (2) allowed Dr. Ray Quackenbush to testify regarding respondent's employment at Toys "R" Us; and (3) allowed the State's expert witnesses to testify about respondent's nonsexual criminal offenses.  We affirm.

On November 17, 2003, the State filed a petition seeking to detain respondent under the Act.  The petition alleged that respondent suffered from three mental disorders:  (1) pedophilia, sexually attracted to males and females, nonexclusive type; (2) paraphilia, not otherwise specified (provisional); and (3) antisocial personality disorder.  The petition further alleged that respondent

was dangerous to others because his mental disorders created a substantial probability that he would engage in future acts of sexual violence. On January 15, 2004, following a hearing, the trial court found probable cause to believe that respondent was a sexually violent person and ordered him detained pending trial.

On April 22, 2008, respondent filed a motion in limine, seeking, inter alia, that (1) respondent's nonsexual criminal history, including traffic offenses, unlawful possession of a stolen motor vehicle, driving under the influence of alcohol, driving on a suspended license, battery, disorderly conduct, and vehicular invasion, be excluded; (2) the State's expert witnesses be prohibited from testifying about a provisional diagnosis of paraphilia, because a provisional diagnosis was not a finding to a reasonable degree of psychological certainty that respondent suffered from paraphilia; and (3) the State's expert witnesses be prohibited from testifying that respondent worked at a Toys "R" Us store because neither of the State's expert witnesses previously expressed an opinion regarding respondent's employment there.

At the hearing on respondent's motion in limine, the State argued that respondent's entire criminal history, including his nonsexual criminal history, was relevant in determining whether respondent suffered from a mental disorder and was substantially likely to sexually reoffend. The State argued that respondent's objections went to the weight of the evidence, not its admissibility, and that respondent would be able to cross-examine the State's expert witnesses on the basis of their opinions. The State further argued that experts could testify to opinions based on facts that were not in evidence if those facts were reasonably relied on by experts in their particular field and were used to explain the basis of the expert witnesses' opinions. The State concluded that respondent's entire criminal history was relevant to the State's expert witnesses' risk assessment of respondent and was thus admissible.

With respect to the admissibility of the provisional diagnosis of paraphilia, respondent argued that the provisional diagnosis constituted a concession that there were not sufficient facts to permit a witness to testify to a reasonable degree of psychological certainty that respondent suffered from paraphilia. The State argued that the diagnosis was highly relevant in determining whether respondent was substantially likely to sexually reoffend, which was an element required to establish that respondent was a sexually violent person. The State explained that a diagnosis of potentially multiple mental disorders was a factor relied on by the State's expert witnesses in assessing respondent's risk of sexually reoffending and that a provisional diagnosis of paraphilia indicated a wider pool of potential victims against whom respondent could offend.

With respect to respondent's employment at Toys "R" Us, the State argued that respondent's choice to work at that particular store was relevant to whether respondent was substantially likely to reoffend. The State noted that respondent's employment at Toys "R" Us was mentioned in Quackenbush's written report and that respondent had the opportunity to depose the doctor. The State argued that respondent did not submit interrogatories regarding the evidence on which the State intended to rely to show that respondent was substantially likely to reoffend. Parenthetically, we note that respondent's employment at Toys "R" Us was mentioned in Dr. Marc Levinson's report, not Quackenbush's report.

The trial court found that respondent had the opportunity to use discovery methods to uncover the basis of Quackenbush's opinion and that respondent's failure to propound a question designed to elicit an answer regarding the basis of the opinion or the factors considered in evaluating respondent did not render the testimony inadmissible. The trial court, however, allowed respondent to question Quackenbush prior to his testimony. The trial court further determined that the State's expert witnesses could testify regarding respondent's nonsexual criminal offenses, finding that

provided that the State lay the proper foundation that the evidence was regularly relied on by experts in their field, the information was sufficiently reliable and admissible. The trial court also stated that it would give a limiting instruction informing the jury that the testimony was being offered to illustrate what evidence the expert witnesses relied on in forming their opinions and not as substantive evidence of the underlying offenses.

The trial court next allowed the State to make an offer of proof regarding the proposed testimony from Levinson regarding the provisional diagnosis of paraphilia. Levinson testified that, although he did not diagnose respondent as suffering from paraphilia not otherwise specified, respondent exhibited almost all of the criteria for such a diagnosis, which requires that, for at least six months, an individual has had recurrent fantasies, urges, or behaviors involving some unusual or deviant sexual behavior and that the individual has acted on these urges, demonstrating that the sexual deviance has impaired the individual in an inappropriate manner. Levinson testified that, based on the documents that he reviewed, two incidents indicated that respondent had engaged in deviant sexual behavior: (1) respondent made sexually harassing telephone calls to women whose names he obtained through his employment at a retail store, resulting in a conviction of disorderly conduct; and (2) respondent entered a vehicle occupied by an adult woman, held her while he attempted to start the vehicle, and tried to prevent her from leaving, resulting in a conviction of vehicular invasion. Levinson testified that these incidents indicated that respondent had difficulty controlling his sexual urges and maintaining his behavior within lawful limits and that the incidents contributed to a diagnosis that respondent was at a higher risk to commit another sexually violent act. Levinson opined that these offenses demonstrated that adult women were also potential victims against whom respondent could offend. On cross-examination, Levinson acknowledged that he could not say to a reasonable degree of psychiatric or psychological certainty that respondent

suffered from the disorder of paraphilia. Upon examination by the trial court, Levinson agreed that he could not find that a person was sexually violent based solely upon a provisional diagnosis.

Following the State's offer of proof, the trial court stated that Levinson noted the limitations of a provisional diagnosis but that the diagnosis was relevant because Levinson considered it when forming his opinion. The trial court noted that respondent's objection related to the weight of the evidence, not to its admissibility, and concluded that the probative value of the testimony outweighed any prejudicial effect on respondent. The trial court denied respondent's motion in limine.

At trial, the State presented the testimony of Levinson and Quackenbush. Levinson, a licensed clinical psychologist, was qualified as an expert in clinical psychology and in the evaluation of sexually violent persons. Levinson testified regarding his review of respondent's records and files, as respondent had declined to participate in an interview. Levinson diagnosed respondent as suffering from the following mental disorders: (1) pedophilia, attracted to both sexes, nonexclusive, and nonincestuous type; (2) alcohol dependence in a controlled environment; (3) antisocial personality disorder with borderline intellectual functioning; and (4) a provisional diagnosis of paraphilia, not otherwise specified. Levinson also testified that, based on psychological testing and actuarial tools, respondent's scores indicated that he was likely to commit further sexual offenses. Levinson opined, based on his education, training, and experience, and based on his review of respondent's records and the risk assessment tools, that it was substantially probable that respondent will commit future acts of sexual violence.

Quackenbush, a licensed clinical psychologist and an expert in the field of forensic evaluations of sexually violent persons and sex offender treatment, testified that he conducted a document review of respondent's master file from the Department of Corrections, he interviewed respondent on February 19, 2004, and he submitted a written report on February 27, 2004.

Quackenbush submitted updated written reports in 2006 and 2007. Quackenbush diagnosed respondent as suffering from the following mental disorders: (1) pedophilia, nonincestuous type, nonexclusive; (2) a provisional diagnosis of paraphilia, not otherwise specified; (3) alcohol abuse in a controlled environment; and (4) antisocial personality disorder. Based on his review of respondent's records and scores on the psychological and actuarial testing, Quackenbush opined that respondent was substantially likely to sexually reoffend.

On April 23, 2008, following arguments of the parties, the jury adjudicated respondent a sexually violent person. Respondent filed a posttrial motion, which the trial court denied. The trial court committed respondent to the Department of Human Services, and respondent filed a timely notice of appeal.

Respondent's principal contention is that the trial court abused its discretion when it denied respondent's motion in limine. In support of his contention, respondent challenges three of the trial court's decisions: (1) permitting the State's expert witnesses to testify regarding a provisional diagnosis of paraphilia; (2) allowing Quackenbush to testify regarding respondent's employment at Toys "R" Us; and (3) allowing the State's expert witnesses to testify about respondent's nonsexual criminal offenses. Respondent concludes that the trial court's rulings constituted an abuse of discretion and requests reversal of the trial court's judgment.

The Act mandates that a person committed pursuant to its provisions have a mental disorder that "creates a substantial probability that he or she will engage in acts of sexual violence." 725 ILCS 207/15(b)(5) (West 2002). Pursuant to the Act, if, after a trial (725 ILCS 207/35 (West 2002)), the court or jury finds that the person is sexually violent, "the court shall order the person to be committed to the custody of the Department for control, care and treatment until such time as the person is no longer a sexually violent person." 725 ILCS 207/40(a) (West 2002). If the court or jury

is not satisfied beyond a reasonable doubt that the person is a sexually violent person, then the court shall dismiss the petition and direct the release of the person, unless he or she is under some other lawful restriction.  725 ILCS 207/35(f) (West 2002).

Generally, evidentiary motions, such as motions in limine, are directed to the trial court's discretion, and reviewing courts will not disturb a trial court's evidentiary ruling absent an abuse of discretion.  People v. Harvey, 211 Ill. 2d 368, 392 (2004), citing People v. Jackson, 182 Ill. 2d 30, 78-79 (1998).  "An abuse of discretion will be found only where the trial court's ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court."  People v. Hall, 195 Ill. 2d 1, 20 (2000); see also People v. Swanson, 335 Ill. App. 3d 117, 125 (2002), citing People v. Illgen, 145 Ill. 2d 353, 364 (1991).

With respect to the trial court's admission of an expert witness's scientific testimony, our supreme court held that the decision as to whether an expert scientific witness is qualified to testify in a subject area, and whether the proffered testimony is relevant in a particular case, remains in the sound discretion of the trial court.  In re Commitment of Simons, 213 Ill. 2d 523, 530-31 (2004). If the trial court conducts a Frye analysis and that analysis is challenged on appeal, our review is de novo.  See Simons, 213 Ill. 2d at 530-31 (explaining the dual standard of review).  In the current matter, respondent's challenges are directed at the trial court's evidentiary decisions; therefore, we will  review to determine whether an abuse of the trial court's discretion occurred.  See Simons, 213 Ill. 2d at 530; Harvey, 211 Ill. 2d at 392.

Reviewing courts have consistently held that in formulating an opinion an expert may rely on reports made by others, as long as other experts in the field reasonably rely on such materials. See Swanson, 335 Ill. App. 3d at 125, citing People v. Anderson, 113 Ill. 2d 1, 7 (1986).  Although reports made by others are not substantively admissible, an expert witness is nonetheless allowed

to reveal the contents of the materials upon which the expert has reasonably relied to explain the basis of his or her opinion. Swanson, 335 Ill. App. 3d at 125, citing Anderson, 113 Ill. 2d at 9. Finally, the trial court's function is to weigh the probative value and potential prejudicial effect of evidence, and the decision of the trial court will not be reversed absent an abuse of discretion. People v. Winterhalter, 313 Ill. App. 3d 972, 978 (2000), citing People v. Hobley, 159 Ill. 2d 272, 317 (1994).

Respondent first argues that the trial court abused its discretion when it permitted the State's witnesses to testify regarding a provisional diagnosis of paraphilia. Respondent argues that testimony regarding a provisional diagnosis of a mental disorder is not testimony of a diagnosis of a mental disorder. Respondent argues that the Act does not contemplate evidence that he could possibly suffer from a mental disorder and that therefore the admission of evidence pertaining to a provisional diagnosis should have been barred.

The State counters that the provisional diagnosis was probative of an element that it was required to prove to show that respondent was a sexually violent person under the Act, that is, that respondent was substantially likely to sexually reoffend. The State's expert witnesses relied on this information in forming their diagnoses of respondent. Thus, the State concludes, the evidence was relevant and appropriate for the trial court to admit.

We agree with the State's responses and determine that the trial court did not abuse its discretion when it allowed Quackenbush and Levinson to testify regarding the provisional diagnosis of paraphilia. Both doctors testified to the information surrounding the provisional diagnosis of paraphilia. Before they did so, however, the trial court had the State present an offer of proof regarding the proposed testimony from Levinson. Levinson testified regarding two specific instances in which respondent engaged in deviant sexual behavior, and he stated that he relied upon these

instances in evaluating respondent and reaching his opinion of a provisional diagnosis. An expert witness may properly testify to facts upon which her or his opinion is based (In re Detention of Isbell, 333 Ill. App. 3d 906, 913 (2002)), and we therefore find nothing improper in Levinson's or Quackenbush's testimony in this regard. Moreover, the record reflects that, prior to Levinson's and Quackenbush's testimony, the trial court admonished the jury regarding the limited purpose of the testimony. There is a strong presumption that jurors follow the instructions given by the court (People v. Harris, 288 Ill. App. 3d 597, 605 (1997)), and nothing in the record rebuts that presumption, either from trial or from the trial court's instructions to the jury. Under these circumstances, we conclude that the trial court did not abuse its discretion when it allowed the doctors to testify regarding the provisional diagnosis of paraphilia. See Isbell, 333 Ill. App. 3d at 914 (finding that, even absent a limiting instruction, the trial court did not abuse its discretion in allowing State's expert witnesses to testify about facts underlying the respondent's sexual crimes where the experts testified that they relied upon those facts in forming their opinions).

Respondent next argues that the trial court abused its discretion when it permitted an expert witness to testify to an opinion that was not disclosed in discovery. We note that, in the argument portion of his brief, respondent does not identify which witness provided the testimony at issue; does not identify the opinion that was undisclosed; does not explain how the "nature of the testimony, as noted herein," was extremely prejudicial; and fails to cite to any page in the record to support his argument (see 210 Ill. 2d R. 341(h)(7) (providing that appellate argument must include citation to the authorities and the pages of the record relied on; points not argued are forfeited)). Respondent concludes that "the testimony should have been barred" and that "the failure of the trial court to limit the testimony of the expert witness to that which had been previously disclosed was error."

The State, however, identifies Quackenbush as the expert witness and the testimony at issue, that respondent worked at Toys "R" Us to select future victims against whom he could offend. The State counters that the testimony was not an opinion required to be disclosed under Supreme Court Rule 213(f)(2) (210 Ill. 2d R. 213(f)(2)). Rather, it was a factual basis upon which Quackenbush relied in reaching his opinion that it was substantially probable that respondent would engage in future acts of sexual violence. The State also counters that respondent has not shown that he was prejudiced by the admission of this evidence.

Based on respondent's aforementioned violation of Rule 341(h)(7), specifically his failure to develop his argument, he has forfeited this issue. See In re Detention of Lieberman, 379 Ill. App. 3d 585, 607 (2007), citing Elder v. Bryant, 324 Ill. App. 3d 526, 533 (2001) (stating that the failure to properly present an issue or cite to pages of the record relied upon violates Rule 341(h)(7) and results in forfeiture of contention on appeal). Forfeiture notwithstanding, respondent's contention lacks substantive merit. See People v. Harris, 384 Ill. App. 3d 551, 560-61 (2008) (summarily addressing the issue, despite the appellant's failure to cite relevant authority). Our review of the record reflects no abuse of discretion in the trial court's determination that respondent's employment at Toys "R" Us had been disclosed, that respondent had been given the opportunity to utilize discovery to probe its significance, and that, therefore, the evidence was admissible. The trial court also allowed respondent to question Quackenbush prior to his testimony, to "cure" any discovery violation. We conclude that no abuse of the trial court's discretion occurred.

Respondent's third argument is that the trial court abused its discretion when it permitted expert witnesses to testify regarding nonsexual crimes. Respondent argues that the evidence of nonsexual crimes was not relevant and that, further, because there was admissible evidence regarding sexual offenses, the evidence of nonsexual crimes was more prejudicial than probative. Respondent

concludes that the evidence of nonsexual crimes was unrelated to whether he suffered from a mental disorder or whether it was substantially probable that he would commit further acts of sexual violence. Respondent further argues that public policy should prohibit courts from allowing expert witnesses to claim that all bad conduct is relevant to their opinions.

The State counters that the evidence was relevant to whether respondent was a sexually violent person and that the prejudicial effect of the testimony did not substantially outweigh its probative value. The State asserts that respondent's nonsexual criminal history was properly admitted because (1) it was material to the State's burden of proof on essential issues, that is, whether respondent suffered from pedophilia and antisocial personality disorder and was likely to engage in predatory acts of sexual violence in the future; and (2) the State's expert witnesses relied on this evidence in forming their opinions. The State also counters that section 35(b) of the Act (725 ILCS 207/35(b) (West 2002)) authorizes the admission of this evidence at trial.

We agree with the State and conclude that the trial court's ruling permitting the State's expert witnesses to testify regarding respondent's nonsexual crimes was not an abuse of discretion. First, we note that section 35(b) of the Act allows the State to "introduce evidence of the commission by the respondent of any number of crimes together with whatever punishments, if any, were imposed." 725 ILCS 207/35(b) (West 2002). Therefore, the Act authorizes the admission of respondent's criminal history, sexual or nonsexual. Second, the evidence of respondent's criminal history, including the nonsexual offenses, was relevant in assessing respondent's judgment and the extent to which respondent respected or followed the law or restrictions imposed on him by a prior conviction. Further, in allowing the evidence, the trial court required the State to lay a proper foundation that the evidence was regularly relied on by experts in their field in forming opinions. See Swanson, 335 Ill. App. 3d at 125 (allowing an expert to rely on reports made by others to formulate an opinion as long

as other experts in the field reasonably rely on such materials). Third, the trial court's ruling reflected a thoughtful consideration of the probative value of the evidence as well as its prejudicial effect on respondent. See Winterhalter, 313 Ill. App. 3d at 978 (requiring the trial court to weigh the probative value and potential prejudicial effect of evidence). Toward that end, the trial court specifically stated that it would give a limiting instruction informing the jury that the testimony was being offered to illustrate what evidence the expert witnesses relied on in forming their opinions and not as substantive evidence of the underlying offenses. The trial court also discussed the matter during the jury instructions conference and instructed the jury accordingly. We conclude that no abuse of the trial court's discretion occurred.

For the foregoing reasons, we affirm the judgment of the circuit court of Lake County.

Affirmed.

ZENOFF, P.J., and McLAREN, J., concur.