2026 IL App (1st) 241277-U

FIRST DIVISION
February 2, 2026

Nos. 1-24-1277 and 1-24-2213, Consolidated

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| DEBRA SKOTNICKI, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 L 3132 |
| | ) | |
| STEVEN THOMAS ROOT, | ) | Honorable |
| | ) | Sandra Ramos, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment.

ORDER

¶ 1   *Held*:   Following a jury trial on damages only in an automobile collision case, the jury returned a verdict in favor of plaintiff for a portion of plaintiff's medical bills but no damages for pain and suffering. Plaintiff filed a motion for a new trial raising several allegations of error. We affirm the judgment of the circuit court of Cook County denying plaintiff's posttrial motion for a new trial.

¶ 2   Plaintiff, Debra Skotnicki, filed a complaint seeking damages for personal injuries sustained in an automobile accident against defendant, Steven Thomas Root. The trial court granted summary judgment in favor of plaintiff on the issue of liability only. The matter proceeded on the issue of damages. Plaintiff voluntarily dismissed the complaint and immediately refiled. The refiled complaint proceeded to trial; but in the midst of trial, the trial court declared a mistrial and scheduled the trial to begin anew the next day. Following the jury

trial, the jury returned a verdict in favor of plaintiff and awarded damages. The trial court denied plaintiff's posttrial motion, and plaintiff appealed.

¶ 3    For the following reasons, we affirm.

¶ 4                                  BACKGROUND

¶ 5    On November 11, 2017, plaintiff, Debra Skotnicki, was driving a vehicle when it was rear-ended by a vehicle driven by defendant, Steven Thomas Root, causing injuries to plaintiff and damage to her vehicle. On November 4, 2019, plaintiff filed a complaint in the circuit court of Cook County seeking damages for the personal injuries she suffered as a result of the accident. Plaintiff's complaint was set for trial to begin on March 28, 2023. On March 29, 2023, plaintiff voluntarily dismissed the complaint. On March 30, 2023, plaintiff refiled the complaint.

¶ 6    On June 9, 2023, the Presiding Judge of the Law Division of the Cook County Court set the refiled case for trial to begin on October 11, 2023.

¶ 7    On August 14, 2023, plaintiff filed a motion for partial summary judgment on the issue of liability only. The trial court subsequently granted the motion for partial summary judgment on the issue of negligence.

¶ 8    On August 23, 2023, the trial court entered an order denying plaintiff's motion to continue the trial date.

¶ 9    On October 10, 2023, the trial court entered a "Trial Certification Order" certifying the case for trial. The order stated that, "All fact, medical and opinion discovery is complete" and "All depositions of Rule 213(f)(1), (2) and (3) witnesses have been taken or waived in writing or in a court order."

¶ 10    The trial court granted the following motions *in limine* filed by plaintiff, without objection:

"14. Defense counsel should be barred from introducing evidence or soliciting any testimony regarding the existence of insurance or other form of benefit that the Plaintiff may have ***.

22. Any reference, in the presence and hearing of the jury, to and any requests of Defendants' counsel to produce any information or documents that are in Plaintiff's counsel's file.

23. Any reference to and any comments regarding whether or not any party complied with or refused to comply with any discovery requests in this case.

24. Any reference with respect to the relative wealth of the parties and/or lack thereof. [Citation.]

31. Any question to, or comment and/or statement by, a witness as to medical opinions, medical diagnoses, medical residuals and/or causation, when such witness lacks the requisite medical training, education, or expertise to render such testimony.

32. To bar any argument, suggestion, or implication that any conversations between a witness and an attorney is improper. [Citations.]"

¶ 11 The trial court also granted all of defendant's motions *in limine* (with certain exceptions for motions that were "reserved" or withdrawn). The written order granting defendant's motions *in limine* is file stamped October 19, 2023.

¶ 12 On October 13, 2023, plaintiff filed a motion to bar the testimony of defendant's Rule 213(f)(3) witness, Dr. Musacchio. Plaintiff argued that Dr. Musacchio's opinions are based on his review of unproduced deposition transcripts and medical records and asked that the testimony of Dr. Musacchio be barred.

¶ 13 The record contains two stipulations by the parties, both of which are file-stamped October 17, 2023. The same stipulations separately appear in the record as filed by the Circuit

1-24-1277)
1-24-2213) Cons.

Clerk on October 18, 2023. (A corrected stipulation, correcting the amount of plaintiff's medical bills, was filed on October 20, 2023.) The relevant stipulations are:

- "Plaintiff withdraws her motion to bar the testimony of Dr. Musacchio and will not object to the admission of the testimony of Dr. Musacchio based on any failure to timely produce documents upon which Dr. Musacchio reviewed or relied when forming his opinions."

- "Defendant stipulates that Plaintiff's medical bills related to this matter are $104,[061].21."

- "Defendant stipulates that Plaintiff is projected to live 27 more years. Defendant does not stipulate to any measure of damages as it relates to the future."

¶ 14    On October 17, 2023, testimony began. Plaintiff was the first witness to testify. Plaintiff testified that her employment terminated, she lost her medical insurance, and that she was paying medical bills "out-of-pocket." Plaintiff's counsel asked plaintiff whether she eventually ran out of money, and defendant's counsel objected. The trial court held a sidebar during which defendant's counsel argued the motions *in limine* barred any questions concerning health insurance. Plaintiff's counsel proffered that plaintiff's answer to the question of whether plaintiff "ran out of money" would have been, "No."

¶ 15    The trial court declared a mistrial and ordered that the parties would select another jury that afternoon, with trial to commence the next day.

¶ 16    On October 17, 2023, plaintiff filed an "Emergency Motion Pursuant to IL Sup Ct Rule 231" with the Presiding Judge seeking "a continuance of this cause on account of the absence of material evidence." Plaintiff's Rule 231 motion claimed that three of plaintiff's witnesses were unavailable for trial beginning on October 18, 2023. Concurrently, on October 17, 2023, plaintiff

- 4 -

filed a motion before the trial judge to suspend jury selection pending a ruling by the Presiding

Judge on plaintiff's emergency motion pursuant to Rule 231. Plaintiff's motions were denied.

¶ 17    The second trial commenced on October 18, 2023. On October 19, 2023, plaintiff filed a

written motion for a mistrial. Plaintiff's written motion argued that defendant violated motions *in*

*limine* numbers 22, 23, and 32 by (1) questioning Dr. Dietzen (plaintiff's witness) about the

amount of time Dr. Dietzen spent talking to plaintiff's counsel before court and pointing out that

Dr. Dietzen did not talk to defense counsel, in violation of motion *in limine* number 32; and (2)

questioning Dr. Dietzen about a failure to produce certain medical records, in violation of

motions *in limine* numbers 22 and 23. Plaintiff's motion for mistrial argued that defendant's

alleged violations of the motions *in limine* "opened the door" to plaintiff asking Dr. Dietzen

whether defendant ever requested to depose Dr. Dietzen. Plaintiff's motion argued that defense

counsel "jumped up from his seat and in the presence of the jury stated in a loud, excited voice

*** that he was moving for sanctions against" plaintiff's counsel. Plaintiff's motion argued that

the trial court's curative instruction was not prompt enough to cure the prejudice to plaintiff.

¶ 18    On October 23, 2023, plaintiff filed a written "Motion For Curative Instruction." The

motion requested an instruction to the jury to disregard testimony and an order to defendant not

to make an argument in closing regarding Dr. Dietzen's failure to produce plaintiff's March 2018

medical records and an instruction regarding Dr. Dietzen's conversations with plaintiff's

counsel. Additionally, plaintiff's motion requested an instruction concerning defense counsel's

failure to complete an impeachment of plaintiff's testimony about failing to mention the car

accident when plaintiff saw Dr. Bailey in March 2018. Plaintiff argued that defendant's

questioning "implied that the medical records of Dr. Bailey did not contain a mention of the

November 2017 accident" (the absence of which defendant's expert relied on to conclude that plaintiff's injuries fully resolved by January 2018).

¶ 19    The trial court denied both motions.

¶ 20    Following trial, the jury returned a verdict in favor of plaintiff and against defendant. The jury awarded $1,485 in damages for medical expenses and $0 in damages for past pain and suffering. On November 7, 2023, plaintiff filed a multicount posttrial motion. Plaintiff's motion raised several arguments (which we have combined and categorized) for an additur, and asked for a new trial based on (1) the setting of the refiled action for trial, (2) the granting of a mistrial for violations of motions *in limine*, (3) the setting of the case for trial after the mistrial, (4) the adoption of the prior discovery in the refiled case, (5) multiple arguments alleging errors in the second trial based on motions *in limine*, (6) an alleged inconsistency in the verdict, and (7) various claims of error by the trial judge including erroneous denials of an offer of proof.

¶ 21    On April 23, 2024, the trial court entered a written order transferring the portion of plaintiff's posttrial motion which alleged the Presiding Judge erroneously scheduled the refiled complaint for trial, to the Presiding Judge for a ruling. The trial court took the remainder of plaintiff's posttrial motion under advisement.

¶ 22    On April 30, 2024, the Presiding Judge (a new Presiding Judge who had replaced the Presiding Judge who entered the order being challenged) entered a written order denying plaintiff's posttrial motion's contention of error related to the scheduling of the refiled complaint. On May 5, 2024, plaintiff filed a motion to reconsider the Presiding Judge's order.

¶ 23    On June 1, 2024, the trial court entered a comprehensive written order that denied plaintiff's posttrial motion. On June 17, 2024, plaintiff filed a notice of appeal, which this court docketed as appeal number 1-24-1277. On November 4, 2024, the Presiding Judge entered an

order denying plaintiff's motion to reconsider the Presiding Judge's order denying the single portion of plaintiff's posttrial motion referred to the Presiding Judge.

¶ 24    On November 4, 2024, plaintiff filed a second notice of appeal, which this court docketed as appeal number 1-24-2213. On November 18, 2024, this court granted plaintiff's motion to consolidate the two appeals.

¶ 25    This appeal followed.

¶ 26                                         ANALYSIS

¶ 27    This is an appeal from an order denying a posttrial motion for additur and/or a new trial based on several alleged errors occurring both before trial and during trial, and an alleged inconsistency in the jury verdict. We review these claims under an abuse of discretion standard: "We will not reverse a circuit court's ruling on a new trial 'except in those instances where it is affirmatively shown that it clearly abused its discretion.' [Citation.]" *Harrell v. City of Chicago*, 2025 IL App (1st) 240119, ¶ 39 (quoting *Maple v. Gustafson*, 151 Ill. 2d 445, 455 (1992)). "We review the trial court's grant or denial of a new trial or an *additur* or *remittitur* for an abuse of discretion." *Sheth v. SAB Tool Supply Co.*, 2013 IL App (1st) 110156, ¶ 82. An abuse of discretion occurs "when the ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would take the same view." (Internal quotation marks and citation omitted.) *Kayman v. Rasheed*, 2015 IL App (1st) 132631, ¶ 66. "In determining whether the trial court abused its discretion, we consider whether the jury's verdict was supported by the evidence and whether the losing party was denied a fair trial." *Hamilton v. Hastings*, 2014 IL App (4th) 131021, ¶ 26. "[T]he trial court weighs the evidence and may set aside the verdict and order a new trial if the verdict is contrary to the manifest weight of the evidence. A verdict is against the manifest weight of the evidence where the opposite conclusion is clearly evident or where the findings of

- 7 -

the jury are unreasonable, arbitrary, and not based upon any of the evidence." (Internal quotation marks and citations omitted.) *Id*. We address plaintiff's arguments in turn.

¶ 28                          Setting Refiled Complaint For Trial

¶ 29    Plaintiff argues the circuit court violated plaintiff's right to due process by scheduling plaintiff's refiled complaint for trial in violation of General Administrative Order 16-2 of the Circuit Court of Cook County (GAO 16-2). Plaintiff also argues that the refiled complaint was scheduled for trial without a Trial Certification Order, which is also required by GAO 16-2. Plaintiff does not address the finding by the Presiding Judge, who considered and denied plaintiff's posttrial motion on this ground, that "a trial certification order *** was entered in the refiled case, on October 10, 2023." (Emphasis omitted.) That order is in the record before this court.

¶ 30    The Presiding Judge found that GAO 16-2 "has no provision *** which indicates it applies to voluntarily dismissed cases" and, pursuant to GAO 17-1, refiled cases are "returned to the original motion calendar for further case management, if necessary." Plaintiff did not address those findings. From our review and based on the Trial Certification Order, there appeared to have been no further case management necessary. The refiled complaint was scheduled for trial.

¶ 31    Plaintiff cites no legal authority in support of the proposition that an alleged failure to follow a local scheduling rule renders a subsequent trial invalid or that an alleged violation of the rule constitutes a deprivation of a party's right to due process. We note the trial date on the refiled complaint was set four months in advance and plaintiff has failed to show how her due process rights were violated in this case. "[T]he appellant *** bears the burden of demonstrating reversible error on appeal." *Lenny Szarek, Inc. v. Workers' Compensation Comm'n*, 396 Ill. App. 3d 597, 606 (2009). Furthermore, "[m]ere contentions, without argument or citation of authority,

do not merit consideration on appeal. [Citation.] Allegations of trial court error summarily raised without supporting authority are deficient and warrant a finding of waiver." *Elder v. Bryant*, 324 Ill. App. 3d 526, 533 (2001). Although plaintiff's argument is subject to forfeiture by failing to argue the substance of the claim (how plaintiff's right to due process was violated, rather than merely stating it was) or cite to relevant authority, we find that plaintiff has failed to demonstrate that the Presiding Judge abused its discretion when it denied plaintiff's posttrial claim based on the scheduling of the refiled complaint for trial.

¶ 32    Plaintiff was not denied an opportunity to be heard, and was informed when the matter affecting plaintiff's rights would be heard. See *Dawson v. St. Francis Hospital*, 174 Ill. App. 3d 351, 355 (1988) ("Under the circumstances of this case, we cannot find that the court's denial of another continuance was an abuse of discretion. Nor do we find that plaintiff was deprived of due process, the essence of which is notice and the opportunity to be heard. Plaintiff had both."), see also *Galella v. Onassis*, 487 F.2d 986, 998 (2d Cir. 1973) ("Scheduling of trials is for the trial courts. Only where actual and substantial prejudice can be shown will a court's calendar orders be reviewed."). Moreover, we agree with the Presiding Judge that GAO 16-2 does not expressly apply to refiled complaints, whereas the procedures that specifically apply to refiled complaints pursuant to GAO 17-1 (titled "Administrative Assignment Of Refiled Actions"), were followed in this case (a finding which plaintiff does not contest). "It is well settled that a more specific statute on a topic controls over a more generally worded statute." *Beauchamp v. Dart*, 2022 IL App (1st) 210091, ¶ 23. The Presiding Judge's order denying this portion of plaintiff's posttrial motion is affirmed.

¶ 33                    Denial of Motion for Continuance After Mistrial

1-24-1277)
1-24-2213) Cons.

¶ 34    Next, plaintiff argues that the trial court committed reversible error by scheduling a second trial to commence "on the day after the declaration of mistrial notwithstanding the fact that many of Plaintiff's witnesses were not available to appear at trial with the newly set start date." Illinois Supreme Court Rule 231 provides as follows:

> "If either party applies for a continuance of a cause on account of the absence of material evidence, the motion shall be supported by the affidavit of the party so applying or his authorized agent. The affidavit shall show (1) that due diligence has been used to obtain the evidence, or the want of time to obtain it; (2) of what particular fact or facts the evidence consists; ***; and (4) that if further time is given the evidence can be procured." Ill. S. Ct. R. 231(a) (eff. Jan. 1, 1970).

¶ 35    Plaintiff's only authority in support of her argument that the trial court's decision constitutes reversible error is *Reecy v. Reecy*, 132 Ill. App. 2d 1024, 1027 (1971).

> "The granting or denial of a motion for continuance is within the sound discretion of the trial court. [Citation.] *** [T]he exercise of such discretion will not be interfered with by the appellate tribunals unless there has been a manifest abuse of such discretion. [Citation.] The broad discretion conferred on a trial court in allowance or denial of continuances must be exercised judiciously and not arbitrarily and capriciously and the court should not refuse a continuance where the ends of justice clearly require it and an abuse of discretion in so doing will justify a reversal. [Citation.]" *Reecy*, 132 Ill. App. 2d at 1026-27.

"Especially grave reasons must be given to justify a continuance once the case has reached the trial stage." *Meyerson v. Software Club of America, Inc.*, 142 Ill. App. 3d 87, 92 (1986).

¶ 36    In *Reecy*, the appellate court found that the trial court had abused its discretion in denying plaintiff's motion for a continuance. In that case,

> "[t]he plaintiff's motion was verified by her counsel. It alleged that he had an extremely heavy court schedule, that he had been absent from the state for seven days, that her previous counsel had been granted leave to withdraw just 16 days prior to the scheduled hearing, that he wished to avail himself of certain discovery procedures and in the time allotted he could not adequately prepare for trial. This verified motion of the plaintiff was supported by an affidavit from her counsel's physician wherein it was averred that counsel was ill with influenza and should be confined to bed." *Reecy*, 132 Ill. App. 2d at 1027.

¶ 37     On appeal, the appellate court reversed the denial of the motion for continuance finding an abuse of discretion. However, *Reecy* is distinguishable. In *Reecy*, the plaintiff had only recently obtained new counsel, the appellate court rejected the argument that the plaintiff voluntarily chose to change counsel because counsel filed a motion to withdraw, and new counsel needed time to prepare for trial (and to recover from the flu). In this case, the matter was ready for trial, trial had commenced, and, as the trial judge noted, the case could continue on a timeline "not that far off from when we started this and staying pretty much on schedule." Here, the trial court denied plaintiff's motion for a continuance because plaintiff caused the mistrial, and the unavailability of witnesses was due to plaintiff's counsel's failure to issue subpoenas for those witnesses. Further, in denying plaintiff's posttrial motion, the trial court wrote the "motion

for postponement was ultimately denied due to Plaintiff's own failure to exercise due diligence in corralling witnesses."

¶ 38     Plaintiff disputes whether plaintiff should have been found to have caused the mistrial, and argued in the court below that she did not have to subpoena witnesses with whom plaintiff was cooperating. However, this court will only find an abuse of discretion "when the ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would take the same view." (Internal quotation marks omitted.) *Kayman*, 2015 IL App (1st) 132631, ¶ 66.

¶ 39     The trial court articulated an objective, reasonable basis for denying plaintiff's motion, whether plaintiff agrees with it or not; and plaintiff has failed to demonstrate that no reasonable judge would take the view adopted by the trial court—including the view that plaintiff's counsel should have taken the precautionary step of issuing subpoenas for her witnesses. See, *e.g.*, *Day v. Gelston*, 22 Ill. 103, 119 (1859) ("If a party chooses to take the promise of a witness that he will attend, and on that account neglects to subpoena him, he has no right to ask a continuance on account of his non-attendance. If he will rely upon the promise, he must run the hazard of its being broken."), *Meyerson*, 142 Ill. App. 3d at 92 ("an important factor is the degree of diligence exercised by the party seeking the continuance. The trial court here clearly concluded that defendant was not diligent.").

¶ 40     The trial had been delayed by plaintiff once before, and the denial of plaintiff's Rule 231 motion did not deprive plaintiff of the opportunity to appear in court. Compare *Bethany Reformed Church of Lynwood v. Hager*, 68 Ill. App. 3d 509, 512-13 (1979) (finding abuse of discretion in denying Rule 231 motion, but where previous delays "occasioned by the defendant were minimal" and "did not significantly delay the litigation" and where denial of motion "precluded him from appearing in court on his own behalf").

1-24-1277)
1-24-2213) Cons.

¶ 41    We also note that plaintiff's Rule 231 motion claimed that Drs. Rohan Kapoor, Thomas Albert, and Mark Sokolowski were not available to testify due to the one-day change in trial schedule on account of the mistrial. Dr. Kapoor did testify at trial; and plaintiff's argument on this claim of error does not assert how the inability to call Drs. Albert or Sokolowski prejudiced plaintiff. "We cannot find an abuse of discretion without the defendant having shown that he was prejudiced by the court's denial" of a continuance. *People v. Fountain*, 2016 IL App (1st) 131474, ¶ 34.

¶ 42    The trial court did not abuse its discretion in denying plaintiff's request for a continuance after the trial court granted defendant's motion for a mistrial.

¶ 43                        Communication with Office of Presiding Judge

¶ 44    Next, plaintiff argues that the trial judge's "*ex parte* communications with court personnel in the Chief Judge's Office denied Plaintiff due process" because plaintiff was "afforded no opportunity to challenge the statements being made by unidentified court personnel." Plaintiff also argues that the fact the trial judge heard the Rule 231 motion violates Local Rule 5.2. Plaintiff acknowledges the local rule cited by defendant that allows *ex parte* communications between a judge and certain court personnel, but argues that the record does not reveal that the trial judge communicated with court personnel whose function it was to aid *this* trial judge carry out *their* administrative responsibilities. Local Rule 17.3 states that, "[]the foregoing rules (1-2) [prohibiting *ex parte* communications] do not apply to communications exclusively between a judge and court personnel *whose function it is to aid the judge in carrying out his administrative responsibilities*." (Emphasis added.) IL R COOK CTY CIR Rule 17.3.

¶ 45    Illinois Supreme Court Rule 2.9 (eff. Jan. 1, 2023), provides, in pertinent part:

"(A) A judge shall not initiate, permit, or consider *ex parte* communications or consider other communications made to the judge outside the presence of the parties or their lawyers concerning a pending or impending matter, except as follows:

(1) When circumstances require it, *ex parte* communication for scheduling, administrative, or emergency purposes, which does not address substantive matters, is permitted, provided:

(a) the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the *ex parte* communication; and

(b) the judge makes provision promptly to notify all other parties of the substance of the *ex parte* communication and gives the parties an opportunity to respond.

\* \* \*

(3) A judge may consult with court staff and court officials whose functions are to aid the judge in carrying out the judge's adjudicative responsibilities, or with other judges, provided the judge makes reasonable efforts to avoid receiving factual information that is not part of the record and does not abrogate the responsibility personally to decide the matter." Ill. S. Ct. R. 2.9 (eff. Jan. 1, 2023).

¶ 46    The trial court invited plaintiff's counsel to go to the Presiding Judge's courtroom to resolve any issues concerning the motion. Plaintiff's counsel indicated they would go to the Presiding Judge's courtroom but asked the court, "However, in the event that 2005 [(the

Presiding Judge)] is not going to hear our motion, pursuant to Rule 231, then I would ask that this Court consider a motion pursuant to 231." After defendant's counsel informed the trial court the Presiding Judge will not hear the motion because trial had started, the trial judge informed the parties, "Let me go downstairs and let them know that I am going to hear [the motion.]" The trial judge returned a short time later and informed the parties, "I called downstairs, and because this was assigned to me, and I granted the motion for a mistrial, all the motions are now going to be heard by me, including this one." The trial judge then proceeded to hear the motion without objection.

¶ 47     We find that the trial judge satisfied the requirements of Rule 2.9(A)(1). The purpose of the communication was for administrative purposes that did not address substantive matters, there can be no reasonable belief that a party would gain any advantage as a result of the communication, and the trial judge notified the parties of the substance of the communication; *i.e.*, that the trial judge would hear the motion. Plaintiff had an opportunity to respond. The trial judge stated, "all the motions are now going to be heard by me, including this one. *** [W]ho is arguing it (referring to plaintiff's two attorneys)?" Plaintiff's counsel proceeded to argue the substance of the motion, which was consistent with plaintiff's counsel's request that the trial judge hear the motion if the Presiding Judge did not. Plaintiff clearly invited the trial court to proceed in the manner it did. Plaintiff cannot now complain when plaintiff both requested that the trial court proceed as it did and/or acquiesced when the court did so. *In re Marriage of Reidy*, 2018 IL App (1st) 170054, ¶ 29 ("It is well-settled that a party cannot request to proceed in one manner at trial and then argue on appeal that the requested action was error."), *Direct Auto Insurance Co. v. Bahena*, 2019 IL App (1st) 172918, ¶ 36 (" 'Under the invited-error doctrine, a

- 15 -

party cannot acquiesce to the manner in which the trial court proceeds and later claim on appeal that the trial court's actions constituted error.' ").

¶ 48       Nor can we find, on this record, that the trial judge's communication with the Presiding Judge's office violated the local rule. If plaintiff believed the trial judge communicated with personnel not contemplated by the local rule, plaintiff had the burden to supply a sufficiently complete record to demonstrate that error, as well as legal authority that whoever the trial judge communicated with was not the personnel contemplated by the local rule. Since plaintiff failed to provide an adequate record to demonstrate her allegation of error, we presume the trial court's action was supported by the facts and the law. *Easter Savings Bank, FSB v. Andrews-Lewis*, 2023 IL App (1st) 220413, ¶ 22 ("An appellant bears the burden of presenting a sufficiently complete record of the proceedings in the circuit court to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of such record on appeal, it will be presumed that the order entered by the circuit court was in conformity with law and was supported by an adequate factual basis. *Id.* at 392.").

¶ 49       Plaintiff also complains about the trial court's referral of plaintiff's claim in her posttrial motion, that the Presiding Judge erroneously set the matter for trial, to the Presiding Judge for ruling. Plaintiff states only that, "There is no rule of court, no local general order, or other basis for splitting out issues in a post trial motion for consideration *ad hoc* by another judge." Plaintiff cites no legal authority that the trial judge's procedure was not proper and does not make any argument how plaintiff was prejudiced. The court has stated that, "[i]n much the same manner that this court is not obligated to search the record to find reasons to reverse the trial court's judgment, this court is also not a depository into which an appellant may dump the burden of research and argument with regard to the issues he or she raises on appeal." *Hamberlin v.*

- 16 -

*Flemming*, 2025 IL App (4th) 241102-U, ¶ 20. Plaintiff's "[m]ere contention[], without argument or citation of authority" regarding referring the matter in the posttrial motion to the Presiding Judge, is forfeited. *Elder*, 324 Ill. App. 3d at 533.

¶ 50          Discovery In Proceedings On Voluntarily Dismissed Complaint

¶ 51     Next, plaintiff argues that the trial court abused its discretion—by failing to exercise any discretion at all—in construing Illinois Supreme Court Rule 219(e) (eff. July 1, 2002), to require the court apply all discovery from proceedings on plaintiff's voluntarily dismissed complaint to proceedings on plaintiff's refiled complaint. Rule 219(e) reads as follows:

> "(e) Voluntary Dismissals and Prior Litigation. A party shall not be
> permitted to avoid compliance with discovery deadlines, orders or applicable
> rules by voluntarily dismissing a lawsuit. In establishing discovery deadlines and
> ruling on permissible discovery and testimony, the court shall consider discovery
> undertaken (or the absence of same), any misconduct, and orders entered in prior
> litigation involving a party." Ill. S. Ct. R. 219(e).

¶ 52     Plaintiff argues that she "was given no meaningful opportunity to be heard on the issue" of whether prior discovery would be applied "such that Plaintiff had an obligation to respond to any outstanding discovery or update discovery that had previously been issued." Plaintiff notes that defendant did not file a motion to adopt prior discovery. Plaintiff argues that construing Rule 219(e) to "mandate that all discovery orders apply," the trial court committed "plain error" that "denied Plaintiff due process of law." Plaintiff *implies* that even under a discretionary reading of Rule 219(e), prior discovery should not have been applied to proceedings on the refiled complaint because there was "no avoidance of compliance," "no 'discovery deadlines' or rulings in the refiled case, and "no 'misconduct' by either party in the prior litigation."

¶ 53　　Plaintiff fails to cite to the record in support of her contention that the trial court ruled that "Rule 219(e) *mandated* that all discovery orders in the prior nonsuited case apply to the instant refiled case." (Emphasis added.) Plaintiff also fails to cite a rule or legal authority that requires either party to file a motion to adopt prior discovery. Defendant cites *Boehle v. OSF Healthcare System*, 2018 IL App (2d) 160975, wherein the court found that the second sentence of Rule 219(e) "clearly applies to discovery in the refiled action." *Boehle*, 2018 IL App (2d) 160975, ¶ 39. The *Boehle* court rejected the argument that a refiled case is an entirely new action for purposes of Rule 219(e). *Id*. (citing *Bowman v. Ottney*, 2015 IL 119000, ¶ 24 ("where a case has been refiled *** it is not necessarily considered to be an entirely new and unrelated action for all purposes")). The *Boehle* court found that in ruling on permissible testimony the trial court may consider the prior action, and that, "[t]he committee comments [to Rule 219(e)] support this conclusion, as they state that, "when a case is refiled, the court shall consider the prior litigation in determining what discovery will be permitted, and what witnesses and evidence may be barred." Ill. S. Ct. R. 219(e), Committee Comments (rev. June 1, 1995)." *Boehle*, 2018 IL App (2d) 160975, ¶ 39.

¶ 54　　Plaintiff forfeited this argument by failing to cite to the record to establish that the trial judge found that Rule 219(e) "mandated" that all prior discovery be adopted in the refiled litigation and by failing to cite to any legal authority to establish that a "motion to adopt" was required. *Schroeder v. Sullivan*, 2018 IL App (1st) 163210, ¶ 42 (citing *Lopez v. Northwestern Memorial Hospital*, 375 Ill. App. 3d 637, 651 (2007) ("holding that the plaintiffs forfeited various arguments because they 'fail[ed] to provide a record citation' ")), *Elder*, 324 Ill. App. 3d at 533. Plaintiff also failed to cite to the record of a specific objection to the use of prior discovery in this case. "Generally, to preserve an issue for review, a defendant must both object

at trial and raise the issue in a written posttrial motion." *In re Estate of Walter*, 2023 IL App (1st) 211600, ¶ 52. Plaintiff has also failed to develop any argument to establish "plain error" by the trial court. "While a reviewing court may consider an unpreserved claim of error for plain error, a forfeited error in a civil case, such as this, may be reviewed under the doctrine of plain error only in 'exceedingly rare' cases. [Citation.] Further, the burden is on the appellant to establish plain error, and if he or she does not argue for a plain-error analysis, then any plain-error contention is forfeited. [Citations.]" *In re Estate of Anderson*, 2024 IL App (4th) 230248-U, ¶ 28. We find that plaintiff "forfeited her argument the trial court erred." *Id.*

¶ 55    Forfeiture aside, we agree with defendant and the trial court. We find *Boehle* controlling on this issue as well as plaintiff's issues regarding the trial court's restrictions on certain witnesses' testimony. "Rule 213(f)(3) requires parties to furnish, among other things, the subject matter, conclusions, and opinions of controlled expert witnesses who will testify at trial. [Citation.] Rule 213(g) limits expert opinions at trial to '[t]he information disclosed in answer to a Rule 213(f) interrogatory, or at deposition.' [Citation.]" *Cetera v. DiFilippo*, 404 Ill. App. 3d 20, 37 (2010). "Pursuant to the rule, the decision of whether to admit or exclude evidence, including whether to allow an expert to present certain opinions, rests solely within the discretion of the trial court and will not be disturbed absent a demonstrated abuse of discretion." *Mack v. Viking Ski Shop, Inc.*, 2014 IL App (1st) 130768, ¶ 18.

¶ 56    Plaintiff raises several arguments on appeal related to the trial court's orders based on plaintiff's disclosures in discovery on the original complaint. Specifically, plaintiff argues that the trial court erred in restricting her witnesses' testimony based on Rule 213 disclosures because defendant did not issue any interrogatories in proceedings on the refiled complaint, move to adopt prior discovery, or comply with Rule 201(k) (requiring reasonable attempts to resolve

differences over discovery); therefore, plaintiff's disclosures were voluntary and there was nothing to enforce under Rule 213. Plaintiff also argues that the "sanction" of restricting its witnesses' testimony was erroneous because there was no discovery in the refiled case so plaintiff did not refuse to comply with discovery as required by Rule 219(c).

¶ 57    In *Boehle*, 2018 IL App (2d) 160975, ¶ 1, the court answered two certified questions. The *Boehle* court found that under Rule 219(e), the trial court has the discretion to "limit witnesses and/or evidence in the refiled action" based on discovery orders in a voluntarily dismissed case and "court-ordered sanctions for discovery violations" are not required. *Id*. ¶¶ 1-2. The plaintiff in *Boehle* argued that a refiled case is a new action that should "not be burdened with the proceedings of the old case." *Boehle*, 2018 IL App (2d) 160975, ¶ 28. The plaintiff argued that "the trial court [is] not required to apply previous orders in the refiled case, as there is no rule that such orders must be reinstated upon refiling." *Id*. The *Boehle* court rejected those arguments, finding that Rule 219(e) "clearly applies to discovery in the refiled action" and "allows the trial court to consider the prior action" in determining "what witnesses and evidence may be barred" in the refiled case. *Id*. ¶ 39 (quoting Ill. S. Ct. R. 219(e)).

¶ 58    In this case, Rule 219(e) required the trial court to consider the prior litigation in determining what evidence may be barred and the court, in its discretion, could bar portions of plaintiff's witnesses' testimony based on their Rule 213 disclosures in the prior litigation. *Boehle*, 2018 IL App (2d) 160975, ¶ 46 ("it was within the trial court's discretion whether to bar a witness in a refiled action"). In this case, plaintiff failed to disclose certain reports and opinions in her Rule 213 disclosures. To preclude the trial court from enforcing any restrictions on plaintiff's witnesses' testimony based on plaintiff's disclosures in the prior litigation would permit plaintiff to use her voluntary dismissal "as an artifice for evading discovery

- 20 -

requirements." *Morrison v. Wagner*, 191 Ill. 2d 162, 166 (2000). Rule 219(e) is meant to prevent that outcome. *Id*. at 167 ("Rule 219(e) discourages the abuse of voluntary dismissals by attaching additional adverse consequences later, when the party who obtained the dismissal seeks to refile. When a case is refiled, the rule requires the court to consider the prior litigation in determining what discovery will be permitted, and what witnesses and evidence may be barred."). We find that the trial court properly exercised its discretion to restrict plaintiff's witnesses' testimony based on discovery in the prior litigation.

¶ 59                                 Plaintiff's Rule 237 Request For Documents

¶ 60     Next, plaintiff argues the trial court abused its discretion when it failed to compel defendant to produce certain documents pursuant to Illinois Supreme Court Rule 237 (eff. Oct. 1, 2021). The Committee Comments to Rule 237(b) state, in pertinent part:

> "Paragraph (b) has been revised to clarify the fact that Rule 237(b) is not a discovery option to be used on the eve of trial in lieu of a timely request for the production of documents, objects and tangible things pursuant to Rule 214. Discovery of relevant documents, objects and tangible things should be diligently pursued before trial pursuant to Rule 214. *** It is the intent of this revision to establish that due diligence for the purposes of a motion to delay the trial cannot be shown by a party who first attempts to discover documents, objects or tangible things by serving a request under Rule 237(b)." Ill. S. Ct. R. 237, Committee Comments (rev. June 1, 1995).

¶ 61     Plaintiff argues that defendant failed to comply with plaintiff's request that defendant produce "the documents upon which the Defendant's 213(f)(3) witness, Dr. Musacchio, relied when he had his evidence deposition." At trial, defendant argued that the documents plaintiff

sought were the same documents plaintiff produced to defendant; therefore, plaintiff was already in possession of those documents. On appeal, defendant argues that the trial court correctly found that plaintiff "improperly used Rule 237." In denying plaintiff's posttrial motion on this ground, the trial court not only found that plaintiff sought to use Rule 237 to produce documents she already had, but also that the rule "is not to be used on the eve of trial in lieu of Rule 214." The trial court noted that plaintiff "did not make the Rule 237 request until October 2023, quite literally on the eve of trial;" therefore, "there was nothing for the Court to enforce vis-à-vis Rule 237." For the first time in plaintiff's reply brief, plaintiff argues that Dr. Musacchio relied on a discovery deposition "from a person Defendant failed to call as a witness" and upon which defendant relied during closing argument "even though [the] deposition was not admitted as an exhibit." Plaintiff cites the deposition of Dr. Musacchio in which he references the discovery deposition. Dr. Musacchio testified that his reliance on that discovery deposition is noted in Dr. Musacchio's report that plaintiff received.

¶ 62    This court has found that "the remedy for noncompliance with Rule 237(b) is within the sound discretion of the trial court. [Citation.] 'Rule 237 notices are not discovery tools and should not be used as a substitute for the discovery rules.' [Citation.]" *Zamarron v. Pucinski*, 282 Ill. App. 3d 354, 363 (1996). At the end of the first day of trial, the parties entered the stipulation that, "Plaintiff withdraws her motion to bar testimony of Dr. Musacchio, [and] will not object to the admission of the testimony of Dr. Musacchio, based on any failure to timely produce documents about Dr. Musacchio's review of live [*sic*] in forming his opinion." After discussion of other matters, plaintiff's counsel brought up the issue of plaintiff's Rule 237 request for the "documents that the doctor has reviewed and testified to." The trial court indicated that "whatever was reviewed would have been records that *** as the Plaintiff's attorney, you would

have in your possession." The court asked plaintiff's counsel to specifically identify any documents Dr. Musacchio rendered an opinion on that plaintiff's counsel never had. Plaintiff's counsel repeated that they were looking for "the same documents that Dr. Musacchio used." The court responded:

"For you to ask the Court to order [defendant's attorney] to give you exhibits, where you were present for this deposition, it's not a surprise. This is an evidence deposition that you have had in your possession since March 15th of 2023. Asking [the court] the day before your expert witnesses are going to testify, to have [defendant's counsel] produce those, when you would have known on that date what they were ***. So I don't know what assistance you need from the Court."

¶ 63    Defendant's counsel informed the trial court that plaintiff had all of Dr. Musacchio's reports. Defendant's counsel also informed the court that he received the Rule 237 request on the day of trial. The court stated that what plaintiff was "asking for is the reference material in [Dr. Musacchio's] deposition that is not Dr. Musacchio's own work product, but your own expert witness's work product." The court indicated that the time to request those documents had passed because the evidence deposition was done; or in the court's words, "that ship has sailed." On appeal, plaintiff does not address the timing of her request for the documents Dr. Musacchio reviewed, "on the eve of trial," nor that plaintiff produced the deposition about which plaintiff now complains for the first time in her reply brief.

¶ 64    The trial court properly applied Rule 237 and its prohibition on using Rule 237 as a substitute for discovery on the eve of trial. Further, plaintiff has not argued that plaintiff did not possess or produce the discovery deposition argued in plaintiff's reply brief. We find that the

- 23 -

trial court did not abuse its discretion in its ruling, or in denying plaintiff's posttrial motion on this ground.

¶ 65                    Mistrial Based On Violation Of Motions *In Limine*

¶ 66    Plaintiff argues the trial court erred in declaring a mistrial based on plaintiff's testimony concerning insurance because the motion *in limine* barring testimony concerning insurance did not apply to plaintiff. Plaintiff also argues that the trial court "ignored the word 'relative' [in the motion *in limine* barring testimony regarding the parties' wealth] and declared a mistrial because Plaintiff asked a question about whether Plaintiff had run out of money."

¶ 67    Plaintiff recognizes the "preference that limitations from motions *in limine* be applied to all sides," but argues that in this case, "the trial court expressly refused the parties' request that the motion *in limine* apply to all parties." In support of that contention, plaintiff cites a portion of the record on the first day of trial when the parties were discussing plaintiff's emergency motion to postpone the trial after the trial court granted the mistrial. Plaintiff's counsel was making the argument that "there was no act of the Plaintiff that was responsible for the mistrial," because, plaintiff's counsel stated, the "motion *in limine* was Plaintiff's motion *in limine*, and this Court denied our request to make all motions *in limine* reciprocal."

¶ 68    The portion of the record plaintiff cites is not a ruling by the trial court that the motions would not be reciprocal. Although the court did not correct plaintiff's counsel, neither did the court confirm plaintiff's counsel's statement was correct. Instead, the court stated that it was "not revisiting in any way, shape, or form the motion that I granted for a mistrial. That is over. The record was made yesterday regarding why I did it. And I am not going to revisit it or entertain further discussion." On the contrary, when the trial court denied plaintiff's posttrial motion on this issue, the court found that plaintiff's motion *in limine* noted that testimony concerning

insurance is prohibited under Illinois law and therefore "applied equally to all parties." The court also cited *Rutledge v. St. Anne's Hospital*, 230 Ill. App. 3d 786, 793 (1992), for the proposition that motions *in limine* apply to all sides. The *Rutledge* court rejected the argument that "the moving party is free to violate its own motion without error." *Rutledge*, 230 Ill. App. 3d at 793. The *Rutledge* court found, "[c]ourts caution the use of a motion *in limine* since there is potential danger that the motion may unduly restrict the opposing party's representation of its case. ([Citations.]) *** In fairness to the parties, the limitations should apply to all sides to allow careful practitioners to thoughtfully prepare their examination and cross-examination of witnesses." *Rutledge*, 230 Ill. App. 3d at 793.

¶ 69 Plaintiff's motion *in limine* to bar testimony concerning insurance cited *Rockwood v. Singh*, 258 Ill. App. 3d 555, 559 (1993), and *Reed v. Johnson*, 55 Ill. App. 2d 67, 76 (1965). In *Rockwood*, this court found that, "[g]enerally, our courts have held that it is improper to suggest to the jury that an insurance company or other third party would be liable for any judgment rendered against a defendant." *Rockwood*, 258 Ill. App. 3d at 559. Similarly, in *Reed*, the court found that the trial court should have sustained an objection to deliberate implications of the existence of insurance and that the failure to do so was prejudicial error. *Reed*, 55 Ill. App. 2d at 76. Our caselaw holding that evidence of insurance is irrelevant and immaterial as a matter of law necessarily applies to both parties. Additionally, plaintiff's motion *in limine* asked to bar "Any" reference to the relative wealth of the parties. We agree that by its own terms, this motion applied to both parties, as it would violate the motion for plaintiff to make reference to her wealth or to defendant's wealth, as that would qualify as "any" reference thereto.

¶ 70 Plaintiff also argues that the order on defendant's motions *in limine* were not filed until October 19, 2023, thus, the trial court erroneously relied on defendant's motions *in limine* prior

to that date. Defendant argues that the trial court granted both parties' motions *in limine* as to

insurance during the motion *in limine* conference, and that "the record proves that rulings on

Defendant's motions *in limine* were made by the trial court prior to the order being entered."

This argument is immaterial. Plaintiff's argument is that the trial court erroneously applied

plaintiff's motion *in limine* concerning insurance to plaintiff, which we reject; and plaintiff's

motion *in limine* prohibited "any" reference to the parties' wealth, which by its terms includes a

reference by plaintiff to plaintiff's wealth. Plaintiff's argument that the trial court erred in

declaring a mistrial because the motions *in limine* did not apply to plaintiff, fails.

¶ 71    We also reject plaintiff's argument that the trial court erroneously declared a mistrial.

Defendant argues that, contrary to plaintiff's argument, the trial court did not ignore the word

"relative" in the motion *in limine* and grant a mistrial based *solely* on the question about whether

plaintiff ran out of money. Defendant argues that the trial court did not declare a mistrial based

on a single question but on the entire line of questioning about whether plaintiff was switching

medical providers because she lost her insurance and whether plaintiff ran out of money paying

her medical bills herself, which violated both motions *in limine*.

¶ 72    The *Rutledge* court noted that "[p]rejudice from repeated attempts to question a witness

on inadmissible evidence has previously been condemned." *Rutledge*, 230 Ill. App. 3d at 793.

During the trial court's comments to plaintiff's counsel regarding plaintiff's motion to postpone

the restarted trial, the court stated:

>        "[Y]ou may disagree with this Court on the granting of the mistrial, based
>
> on your motion *in limine*, which is paragraph number 4 [*sic*], and was granted
>
> without objection by the Defense, any reference with respect to the relative wealth

of the parties, parties, not of the defense, not of the Plaintiff, parties means everybody, that's how you couched this, and/or lack thereof.

This is not, again, a comparative, and it is not just yours. In this case, the way it was agreed to by the parties is any reference with respect to the parties, any reference, the parties, which means you, what was not objected to by the defense is we agree, none of the parties are going to talk about this, without the court's assistance, that was the conclusion, it was granted without objection. And I filed the order regarding that.

It was also with reference, there was reference made to insurance, another motion *in limine* that was granted. And there were, somewhere between three or four questions elicited that started going in that direction, and they clearly dove into it, violating critical motions *in limine*, which I looked to Defense Counsel and said, can there be a curative jury instruction to remedy that, and Defense Counsel said there could not. I had no ability to salvage, nor any obligation to salvage what was a, either reckless or intentional disregard or deliberate disregard for common motions *in limine* in these, in this Law Division, regarding wealth and insurance."

¶ 73    We cannot say that the trial court's order was arbitrary, fanciful, or unreasonable, or that no reasonable trial judge would take the view adopted by the court. Therefore, we find that the trial court did not abuse its discretion in declaring a mistrial.

¶ 74                          Cost To Repair Plaintiff's Vehicle

¶ 75    Plaintiff makes a perfunctory argument that the trial court erred when it barred evidence of the cost of repair of plaintiff's vehicle that does not include any citation to the record or legal

authority. Plaintiff's complaint did not include a claim for damage to her vehicle. "It is well established that 'mere contentions, without argument or citation of authority, do not merit consideration on appeal.' [Citation.]" *In re Marriage of Lugo*, 2025 IL App (1st) 231478, ¶ 102. Plaintiff's argument is forfeited.

¶ 76                                    Trial Court Bias

¶ 77    Next, plaintiff raises a series of arguments alleging that the trial court was biased against plaintiff and advocated for defendant. Plaintiff argues the trial court deprecated Dr. Dietzen as not being a doctor; *sua sponte* ordered a portion of Dr. Kapoor's testimony stricken; erroneously denied plaintiff's motion for a mistrial; improperly granted an objection to the "form" of a question; improperly admonished plaintiff's counsel in front of the jury; and demonstrated hostility toward plaintiff and deference to defendant, including by "*sua sponte* inviting the Defendant to file a motion for sanctions against Plaintiff and/or her counsel when the court denied a motion for dismissal by Defendant."

¶ 78    Defendant's counsel objected to a question to Dr. Dietzen about what a medication (Prednisone) "is expected or intended to do in such a condition or diagnosis" as plaintiff's. The parties argued the objection in front of the jury. The court stated that Dr. Dietzen "can certainly say that a medication was prescribed. Because he cannot prescribe medication, he cannot opine for what purpose ***." Later, the court stated (twice), "This is a doctor that does not prescribe medication." The court stated its understanding of the law was that the court was "relying on disclosures and what [Dr. Dietzen's] level of expertise is." When plaintiff's counsel asked to lay a foundation, the court responded, "You have a chiropractor, I don't know how you can possibly provide a further foundation as to being a doctor that can prescribe medication *** as much as chiropractor is one area of expertise." The trial court ruled that Dr. Dietzen would not be able to

give information regarding the purpose of the medication prescribed to plaintiff. Dr. Dietzen then went on to describe the effects of plaintiff taking that medication.

¶ 79    It is clear from the record that the trial court did not denigrate Dr. Dietzen. The trial court's ruling was based on Dr. Dietzen's area of expertise as reflected in his disclosures. The court simply ruled that prescribing medication and for what purpose was beyond Dr. Dietzen's disclosed expertise. The trial court certainly did not denigrate Dr. Dietzen for not being a doctor; the court merely stated he was a doctor who does not prescribe medication—which plaintiff has failed to refute. Plaintiff's argument fails.

¶ 80    The trial court also did not "*sua sponte*" order a portion of Dr. Kapoor's testimony stricken. Before Dr. Kapoor began to testify, defendant's counsel informed the trial court the defense had only received records from one visit with Dr. Kapoor, and orally moved to bar Dr. Kapoor from testifying to anything beyond that one visit. Plaintiff's counsel informed the court he only had a record from a visit on March 1, 2023, but plaintiff informed counsel she had seen Dr. Kapoor more than once. The court ruled, "Anything other than March 1st, 2023, will not be admitted into evidence because it has not been disclosed." Plaintiff's counsel stated he would ask Dr. Kapoor what he did for plaintiff but not ask on what days. The court informed plaintiff's counsel: "if you go outside of whatever's on that *** March 1st, 2023, I'm going to strike it from the record, if it's objected to." During the questioning, defendant's counsel did object that a question "goes outside the March 1st, 2023." Defendant's counsel made multiple objections all of which the trial court sustained. Then, Dr. Kapoor testified about an MRI he read after March 1, 2023. Defendant's counsel did not object again, but the trial court ruled, "in order to keep a clean record, any opinion rendered with reference to the MRI which were post March 1st is to be disregarded, is not disclosed, and not consistent with the Court's ruling."

¶ 81    We do not find that the trial court "improperly interjected herself in the case" as plaintiff argues. The trial court warned plaintiff's counsel that any testimony in violation of the court's order would be stricken if objected to. There was an objection, and the trial court enforced its order. The court did not act *sua sponte*. Plaintiff's argument fails.

¶ 82    We also find no reversible error in the trial court's granting of defendant's objections to the form of questions to Dr. Musacchio as to whether certain procedures were "reasonably indicated." Plaintiff argues an objection to "form" is not a proper objection. Plaintiff's only legal support for that contention is to cite a foreign memorandum opinion from a federal district court that was reversed by a higher court. *Security National Bank of Sioux City, Iowa v. Abbott Laboratories*, 299 F.R.D. 595, 601 (N.D. Iowa 2014), reversed, *Security National Bank of Sioux City, IA v. Jones Day*, 800 F.3d 936, 945 (8th Cir. 2015).

¶ 83    "An error in the exclusion or admission of evidence does not warrant a reversal when there is no prejudice." *Cole v. Guy*, 183 Ill. App. 3d 768, 777 (1989). The testimony at issue was given in Dr. Musacchio's evidence deposition. The first such instance plaintiff cited in her opening brief was not stricken from Dr. Musacchio's evidence deposition. Each subsequent instance when Dr. Musacchio's testimony was stricken, the answer to the question would have been that Dr. Musacchio did not have an opinion on the question asked. Plaintiff argues she was prejudiced because the "jury was not allowed to hear that Defendant's only witness agreed that the medical procedures performed on Plaintiff for her injuries were "reasonably indicated." Based on the record plaintiff cited, the jury would not have heard that testimony had the questions and answers not been stricken. Therefore, defendant has failed to demonstrate any prejudice, and her argument fails.

1-24-1277)
1-24-2213) Cons.

¶ 84    We reject plaintiff's argument the trial court "subtly threaten[ed] Plaintiff's counsel before the jury when the trial judge told Plaintiff's counsel to 'Watch yourself.' " Plaintiff's counsel asked a question to which defendant's counsel objected on the ground the question was beyond the scope of cross-examination. The trial court sustained the objection. Defendant's counsel raised a different objection to two more questions. Then, plaintiff's counsel asked a question to which defendant's counsel objected, again on the ground the question was beyond the scope of cross-examination. The trial court again sustained the objection. Plaintiff's counsel then attempted to dispute the objection, when the trial court interrupted and said, "He's [the witness] talking about prior—I know that you are aware of what was asked on and—Watch yourself sir." Plaintiff's counsel said, "I am, Judge." and the trial court responded, "Okay. You're limited by what was asked on cross." Plaintiff's counsel concluded the redirect examination. Plaintiff's reliance on *People v. Wiggins*, 2015 IL App (1st) 133033, is misplaced. In that case, this court determined "the prejudicial effect of the judge's conduct" based on the cumulative effect of multiple biased acts by the trial judge, in a closely balanced criminal case, where this court found that the judge's conduct likely affected the outcome. *Wiggins*, 2015 IL App (1st) 133033, ¶¶ 52-53. We do not agree that the trial judge in this case engaged in any of the conduct plaintiff attributes to this trial judge and none of misconduct noted in *Wiggins*. We do not find that the trial judge's isolated remark in the midst of multiple objections based on repeated improprieties by plaintiff's counsel was prejudicial. Plaintiff has also not demonstrated prejudice because the trial judge allegedly blamed plaintiff's counsel for failing to pick a new jury more quickly.

¶ 85    We also reject plaintiff's argument the trial court erred in denying plaintiff's motion for a mistrial. Plaintiff's opening brief offers no argument or legal authority in support of this bare

- 31 -

contention. Plaintiff argues that defendant's counsel violated "several motions *in limine*" and "made a motion for sanctions in the presence of the jury." Plaintiff cites to portions of the record, but neither plaintiff's brief nor those portions of the record identify what motions were allegedly violated or the oral motion for sanctions. Plaintiff cited the trial court's order denying plaintiff's motion to declare a mistrial and a colloquy regarding plaintiff's testimony. Plaintiff's reply brief asserts that defendant violated motion *in limine* numbers 22 and 23 by questioning Dr. Dietzen concerning the failure to produce certain medical records. Again, plaintiff failed to cite relevant portions of the record. Moreover, this argument "is forfeited based on the fact that it is raised for the first time in his reply brief. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ('Points not argued [in an opening brief] are forfeited and shall not be raised in the reply brief ***.')." *Robinson v. City of Chicago*, 2025 IL App (1st) 232174, ¶ 39. This court has said it is not a depository into which an appellant may foist the burden of researching and developing their argument, nor will we scour the record in search of error to reverse the trial court's orders. *In re County Collector (Gan C., LLC v. Nationwide Real Estate investment, Inc.)*, 2023 IL App (1st) 210523, ¶ 37, *New v. Pace Suburban Bus Service, a Division of Regional Transit Authority*, 398 Ill. App. 3d 371, 384 (2010), *In re Marriage of Vega and Lopez*, 2024 IL App (2d) 230177-U, ¶ 59. Plaintiff's argument is forfeited.

¶ 86     Plaintiff has also failed to support her argument that the trial court showed bias against plaintiff by inviting defendant's counsel to file a motion for sanctions with an adequate citation to the record or supporting legal authority and argument. This argument is forfeited. *Bhutani v. Barrington Bank & Trust Co., N.A.*, 2024 IL App (2d) 230162, ¶ 23 (party "fail[ed] to substantiate this proposition with a citation of the record, needlessly hindering our review as well as forfeiting the point"), *Elder*, 324 Ill. App. 3d at 533.

¶ 87                                    Offers of Proof

¶ 88     Plaintiff argues the trial court erred by repeatedly refusing plaintiff's offers of proof.

Plaintiff argues that, "By denying virtually all offers of proof, the trial court has improperly

denied the Appellate Court of a full and complete record of the proceedings and has committed

reversible error." Plaintiff's argument is too impermissibly vague to allow this court to

meaningfully review plaintiff's contention of error. "A reviewing court is entitled to have the

issues clearly defined and supported by pertinent authority and cohesive arguments; it is not

merely a repository into which parties may dump the burden of argument and research, nor is it

the obligation of this court to act as an advocate." *Benton v. Little League Baseball, Inc.*, 2020 IL

App (1st) 190549, ¶ 39. "A reviewing court is entitled to have the issues clearly defined and it is

not the duty of the trial court to support vague and general contentions of error made by the

appellant." *O'Brien v. Cacciatore*, 227 Ill. App. 3d 836, 845 (1992).

¶ 89     The denial of an offer of proof is not erroneous as a matter of law. The court has held that

"[i]f an offer of proof is necessary, it is error for the trial court to refuse counsel an opportunity

to state what he or she proposed to prove through the evidence." *In re Marriage of Strauss*, 183

Ill. App. 3d 424, 428 (1989). However, an offer of proof is not necessary where "the questions

asked would not have produced relevant testimony." *Id.*, *People v. Brown*, 89 Ill. App. 3d 852,

858 (1980) (denial of offer of proof subject to harmless error). In *The Habitat Co. v. McClure*,

301 Ill. App. 3d 425, 445 (1998), this court found that a request for an offer of proof was

properly denied where the evidence attempted to be elicited was inadmissible and would have no

bearing on the issues. In this case, plaintiff has made only a general claim of error. We will not

attempt to identify each instance of plaintiff's general claim and develop an argument to

determine whether each was erroneous. Plaintiff's argument is forfeited.

¶ 90    Forfeiture aside, defendant argues the trial court properly denied plaintiff's requests to make an offer of proof because the evidence attempted to be elicited regarded plaintiff's medical reports and treatment that was not properly disclosed and therefore was inadmissible; thus, an offer of proof was not necessary. In reply, plaintiff confirms that her "offer of proof regarding her medical treater's reports and treatment that she received was denied," but plaintiff does not address the failure to disclose that evidence pursuant to Rule 213. As for plaintiff's argument concerning the specific offer of proof of the cost to repair her vehicle, plaintiff has failed to demonstrate error in the trial court's finding that the cost to repair the vehicle was inadmissible. Plaintiff admits she did not have a property damage claim and argues only that "the extent of damage and the cost to repair were relevant to the nature and extent of Plaintiff's personal injuries;" yet plaintiff simultaneously admits there was photographic evidence of the damage to the vehicles. When the trial court denied plaintiff's offer of proof, it noted that plaintiff did not have a witness to testify about the cost to repair, especially in light of the age of the vehicle. The court ruled the evidence was inadmissible and, therefore, no offer of proof was required.

¶ 91    Plaintiff has failed to demonstrate error in the denial of any specific offer of proof. Plaintiff's argument the trial court committed reversible error by refusing offers of proof fails.

¶ 92                                Curative Instruction

¶ 93    Next, plaintiff argues the trial court erred when it refused to instruct the jury concerning defendant's alleged failed attempt to impeach plaintiff. Plaintiff cites no legal authority nor develops any argument, and only asserts that the trial court erred. Plaintiff's argument is forfeited. *Elder*, 324 Ill. App. 3d at 533.

¶ 94    Forfeiture aside, in the portion of the record plaintiff cites in her opening brief, the trial court states that it would deny the motion for a curative instruction regarding the impeachment

but that it would instruct the jury regarding "lawyers talking to potential witnesses." Yet on appeal, in the same section on "Failure to Issue Curative Instruction," plaintiff complains the trial court "erred when it sustained Defendant's objection to Plaintiff's asking Dr. Dietzen whether Defendant ever requested to depose Dr. Dietzen." Again, plaintiff failed to develop this argument at all; therefore, we can find no error with regard to conversations with Dr Dietzen. As for the impeachment, the trial court noted that its denial was based on the discovery, and plaintiff failed to address that basis for denying the curative instruction in her opening brief. Plaintiff attempted to further elucidate her argument in her reply brief, arguing that the impeachment—that plaintiff did not mention the accident or complain of pain at a subsequent visit to one of her doctors—failed because plaintiff "never admitted that she did not tell Dr. Bailey about the automobile accident" and "never admitted that she did not tell Dr. Bailey that she had pain in her neck."

> "Innuendo through incomplete impeachment is highly prejudicial.
> ([Citation.]) Once a defense counsel by cross-examination lays a foundation for
> impeachment, he is under an obligation to produce impeaching evidence. 'If he
> fails to meet this obligation, the trial court must strike any applicable cross-
> examination and instruct the jury to disregard it, or, at the insistence of the
> plaintiff, declare a mistrial.' [Citation.]" *Green v. Cook County Hospital*, 156 Ill.
> App. 3d 826, 833-34 (1987).

¶ 95    The testimony in this case was that plaintiff's medical records were devoid of either a report of pain or of the accident to Dr. Bailey. Plaintiff argues that to complete the impeachment defendant was required to call Dr. Bailey as a witness, which he did not do; therefore, a curative instruction was required. Plaintiff's cited authority, *Downing v. United Auto Racing Ass'n*, 211 Ill. App. 3d 877, 893 (1991), does not support this proposition. Plaintiff does not respond to

defendant's argument that his cross-examination was proper because plaintiff "raised the issue of Dr. Bailey in her testimony during direct examination," nor refute defendant's argument that plaintiff failed to object at that time. Our review of the portion of the record *defendant* cited demonstrates that plaintiff did not object, and defendant impeached plaintiff with her deposition testimony that plaintiff did not recall whether or not plaintiff told Dr. Baley that plaintiff was having pain in her neck or arm. Plaintiff later testified that she *did* report neck pain to Dr. Bailey and responded "Yes" when asked if the absence of that report in the medical record would be a mistake. In this case, unlike in *Green*, we find that there was evidence presented, specifically in Dr. Musacchio's evidence deposition, that no such reports by plaintiff appeared in Dr. Bailey's medical records. Based on the record presented to this court, we can find no error in defendant's questioning or the trial court's denial of a "curative instruction" related to that questioning.

¶ 96                                     Verdict

¶ 97       Plaintiff argues that the jury's verdict is "internally inconsistent and inherently self-contradictory" because it has no reasonable basis in the record. Plaintiff's primary authority in support of this argument is *Stamp v. Sylvan*, 391 Ill. App. 3d 117 (2009). In *Stamp*, this court recognized that "[o]ur supreme court has held that a jury's award of damages is entitled to substantial deference by the court and a trial court can upset a jury's award of damages only if it finds that: (1) the jury ignored a proven element of damages; (2) the verdict resulted from passion or prejudice; or (3) the award bore no reasonable relationship to the loss sustained." *Stamp*, 391 Ill. App. 3d at 123-24 (citing *Snover v. McGraw*, 172 Ill. 2d 438, 447 (1996)). "[I]f the evidence clearly indicates that the plaintiff suffered serious injury, a verdict for medical expenses alone could be inconsistent and *** this determination is best made by the trial court in a posttrial motion." *Id*. However, " ' [i]n cases in which a plaintiff's evidence of injury is

primarily subjective in nature and not accompanied by objective symptoms, the jury may choose to disbelieve the plaintiff's testimony as to pain. In such a circumstance, the jury may reasonably find the plaintiff's evidence of pain and suffering to be unconvincing.' [Citation.]" *Id.* (quoting *Snover*, 172 Ill. 2d at 449).

¶ 98    In *Stamp*, this court found that, "unlike *Snover*," the evidence "included objective symptoms of [the] plaintiff's injury" and the defendant's expert "testified regarding certain objective findings made by [the] plaintiff's physicians." *Id*. at 125. Further, "defense counsel, during closing argument, conceded that [the] plaintiff had pain and suffering *** and offered his evaluation as to its damage value." *Id*. In spite of those findings, the *Stamp* court still found that "[w]hile [the] plaintiff testified about the pain she suffered following the accident, her treatment, and the restrictions on her normal life, the jury was free to make its own credibility determinations and reject or accept plaintiff's testimony. *Snover,* 172 Ill. 2d at 448 ('The jury determine[d] the credibility of the witnesses and the weight to be given their testimony')." *Stamp*, 391 Ill. App. 3d at 125. In *Stamp*, this court concluded that "[a]n award of zero damages for pain and suffering for a six-month period, along with an award of medical expenses for the same six-month period, ignores a proven element of damages that the jury was not free to disregard. *** [T]he jury's verdict was irreconcilably inconsistent." *Stamp*, 391 Ill. App. 3d at 126.

¶ 99    In this case, plaintiff argues that pain and suffering was "a proven element of damages" that the jury ignored, and the jury disregarded the parties' stipulation as to plaintiff's medical expenses. Defendant responds he presented evidence contradicting, showing inconsistencies in, and disputing plaintiff's injuries and their causes. Defendant argues that the jury's verdict was

consistent with the evidence and testimony presented at trial; therefore, the trial court did not abuse its discretion when it denied plaintiff's posttrial motion on this ground.

¶ 100   When the trial court denied plaintiff's posttrial motion, the court found that "the damages are adequately supported by the evidence." The court found that defendant "argued for only the costs of medical treatment between December 5, 2017, to January 31, 2018." The jury found defendant more credible. The trial court also found that "the evidence *** was controverted as to whether [plaintiff] suffered serious injury. Plaintiff only provided subjective diagnoses of her injury immediately following the accident. Without an objective basis, the jury evidently chose 'to disbelieve the plaintiff's testimony as to pain.' [Citation.]" (Citing *Stamp*, 391 Ill. App. 3d at 125.) The trial court concluded that the evidence shows there were controverted facts as to the severity and length of plaintiff's injuries and treatment; therefore, "it cannot be said that the jury's award was unreasonable" and that it was not contrary to the manifest weight of the evidence. In determining whether the trial court abused its discretion "it is important to keep in mind that [t]he presiding judge in passing upon the motion for a new trial has the benefit of [her] previous observation of the appearance of the witnesses, their manner in testifying, and of the circumstances aiding in the determination of credibility." (Internal quotation marks and citations omitted.) *Stamp*, 391 Ill. App. 3d at 123.

¶ 101   The trial court's order denying plaintiff's posttrial motion cited to defendant's closing argument, in which defendant argued, in part, "Here's the medical bills for all of Dr. Dietzen's and Dr. Albert's treatment from December 5th to January 31st, $1,485. $1,485." Plaintiff does not dispute that the jury had plaintiff's medical bills. Therefore, we find that the jury's award for medical expenses does have evidentiary support and is not against the manifest weight of the evidence.

- 38 -

¶ 102   We also find the *Stamp* court's reliance on *Snover* more persuasive as to plaintiff's argument concerning pain and suffering. The *Stamp* court noted that "[i]n *Snover,* our supreme court held that a jury may award pain-related medical expenses and may also determine that the evidence of pain and suffering was insufficient to support a jury award." *Stamp*, 391 Ill. App. 3d at 124 (citing *Snover*, 172 Ill. 2d at 448). In *Snover*, the plaintiffs argued that the "jury acted inconsistently in awarding *** pain-related medical expenses but in failing to award damages for pain and suffering. Thus, [the] plaintiffs argue[d], a new trial on the issue of damages [was] required." *Snover*, 172 Ill. 2d at 444. Our supreme court held as follows:

> "After considering the authorities and given the traditional deference to the jury's role in determining damages, we hold that a jury may award pain-related medical expenses and may also determine that the evidence of pain and suffering was insufficient to support a monetary award. We believe that it lies within the jury's power and discretion to award nothing for pain and suffering in this circumstance where the evidence supports such an award. Accordingly, we find that the jury's verdict is not inconsistent." *Snover*, 172 Ill. 2d at 448.

¶ 103   In *Snover*,

> "[t]he expert testimony as to plaintiff's injuries was in conflict, and there was no suggestion of mistake, confusion, partiality, or prejudice on the part of the jury. *Snover,* 172 Ill. 2d at 442-43. The jury awarded damages for medical bills incurred from the date of the accident through plaintiff's initial therapy sessions, and it awarded limited damages for out-of-pocket medical expenses." *Stamp*, 391 Ill. App. 3d at 124 (citing *Snover*, 172 Ill. 2d at 442-43).

1-24-1277)
1-24-2213) Cons.

"The [*Snover*] court found that the jury was well within the confines of the evidence in concluding that the plaintiff suffered only minimal discomfort which was not compensable." *Id*. (citing *Snover*, 172 Ill. 2d at 449).

¶ 104   Similarly, in this case, the jury had the responsibility to assess the evidence and determine the credibility of the witnesses. *Stamp*, 391 Ill. App. 3d at 125 (citing *Snover*, 172 Ill. 2d at 448). The trial court found that the evidence of the seriousness of plaintiff's injury and pain and suffering was controverted. The trial court denied plaintiff's posttrial motion because "plaintiff's evidence of injury [was] primarily subjective in nature." *Snover*, 172 Ill. 2d at 449. In such circumstances, the jury may choose to disbelieve the plaintiff's testimony as to pain and suffering and may reasonably find the plaintiff's evidence of pain and suffering to be unconvincing. *Snover*, 172 Ill. 2d at 449. Plaintiff has failed to demonstrate that the trial court's findings are unreasonable, not based on the evidence, or that no reasonable person would take the trial court's view. Therefore, we find no abuse of discretion either in the denial of plaintiff's motion for a new trial or for an additur.

¶ 105                           CONCLUSION

¶ 106   For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 107   Affirmed.

- 40 -